Jennifer A. Golinveaux (SBN 203056)
jgolinveaux@winston.com
Irina V. Lyapis (SBN 298723)
ilyapis@winston.com
Samantha Looker (SBN 340564)
slooker@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Plaintiff
CALM RADIO CORP.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALM RADIO CORP., a corporation incorporated under the laws of the Province of Ontario,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALM.COM, INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No. **3:22-cv-01708**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE ADVERTISING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Calm Radio Corp. ("Plaintiff" or "Calm Radio"), by and for its complaint

against Defendant Calm.com, Inc. ("Defendant" or "Calm.com"), alleges as follows:

## INTRODUCTION

1.    This dispute arises out of Defendant Calm.com's unauthorized and unlawful adoption and use of the CALM mark, which is confusingly similar to the CALM RADIO and CALM word marks owned by Plaintiff Calm Radio, a provider of online music streaming services focused on relaxation and stress reduction. To make matters worse, Calm.com is also using trade dress for its app icon that closely mimics and infringes the trade dress used for Calm Radio's app icon.

2.    When Defendant Calm.com first launched, years after Calm Radio began using the CALM and CALM RADIO marks in commerce, Calm.com was focused on providing information related to meditation and relaxation. More recently, Calm.com has begun providing online music streaming services focused on relaxation and stress reduction; services directly competitive with Plaintiff's services.

3.    Not surprisingly, Calm.com's use of the CALM mark to offer the very same services offered by Plaintiff is creating significant confusion in the marketplace, made worse by Defendant's similar infringing app icon and the fact that both parties provide their services via online apps distributed on the very same platforms.

4.    Calm Radio brings this action to stop the ongoing customer confusion and to protect its valuable intellectual property.

## THE PARTIES

5.    Plaintiff Calm Radio Corp. is a corporation incorporated under the laws of the Province of Ontario, Canada, with its principal place of business in Toronto, Canada. Calm Radio provides online music streaming services focused on relaxation and stress reduction.

6.    Defendant Calm.com, Inc., is a Delaware corporation with its principal place of business in San Francisco, California. Defendant provides information and services focused on meditation, relaxation and stress reduction, including online music streaming services.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the federal Lanham Act relating to trademarks (15 U.S.C. § 1125(a)), and this Court has jurisdiction over the state law unfair competition claims herein pursuant to 28 U.S.C. § 1338(b) because such claims are joined with a substantial and related claim under the federal Lanham Act.  Further, this Court may exercise supplemental jurisdiction over Calm Radio's claims that arise under the laws of the State of California and California common law pursuant to 28 U.S.C. § 1367 because they are so related to the claims arising under the federal Lanham Act that they form part of the same case or controversy.

8.      The Court has personal jurisdiction over Defendant because Defendant resides in this District with its principal place of business located at 77 Geary St., 3rd Floor, San Francisco, California.  Defendant also conducts substantial business, including developing, testing, and marketing its goods and services in the State of California and in this District.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District, and because Defendant is subject to personal jurisdiction in this District or may be found in this District.

**INTRADISTRICT ASSIGNMENT**

10.      This action is not subject to divisional assignment because the case arises under intellectual property laws.

**FACTUAL BACKGROUND**

**A.      Calm Radio's Business**

11.      Calm Radio was founded in 2009 by music streaming pioneer Eric Harry, an award-winning composer. Calm Radio emerged early on as a solution to the lack of online streaming relaxation music options.

12.     Since at least as early as 2009, Calm Radio has provided online streaming music services in Canada and the United States, as well as other countries, via its website at www.calmradio.com.

13.     Since at least as early as 2010, Calm Radio has also offered its curated selection of classical and relaxation-focused music via its mobile app, Calm, on the Apple App Store, and on Google Play since at least as early as 2011.

14.     Since at least as early as 2011, Calm Radio has consistently expanded its range of musical offerings through different channels dedicated to spa, healing, sleep, positivity, and nature and atmosphere sounds.

15.     Since at least as early as 2011, Calm Radio has featured meditation music tracks through its Om channel on Calm Radio.

16.     Since its inception, Calm Radio has evolved into one of the largest providers of relaxing music on the internet, offering one of the world's largest collections of curated classical music and relaxation-focused music with an emphasis on providing users with life-enhancing music for a healthier lifestyle.

17.     Calm Radio currently delivers 500 channels of relaxation, acoustic, classical, jazz, ambient, and contemporary music and over 1,000 premium channels of calming sounds, sleep music, sleep sounds, and sleep stories.

18.     Calm Radio has over one million unique monthly users and over 30,000 streaming subscribers.

**B**.     **Calm Radio's Valuable Trademarks**

19.     For well over a decade, since at least as early as 2009, Plaintiff has used its CALM RADIO and CALM marks in connection with its music streaming services, both in Canada and the United States.

20.     In addition to its strong common-law rights, Plaintiff owns U.S. federal trademark registration No. 5080280 for the word mark CALM RADIO in Class 9 for "Computer software for playing audio streaming transmissions of music that may be downloaded from a global computer network" with May 1, 2010, as its date of first

use, and in Class 38 for "Streaming of audio material on the Internet" with January 1, 2009 as its date of first use. U.S. Registration No. 5080280 has achieved incontestability.

21.     Also, for more than a decade, since at least as early as 2010, Calm Radio has used distinctive, non-functional trade dress featuring the color blue as a background and its CALM mark in white lettering for the icon button for its CALM mobile music app and on its calmradio.com website. Since at least as early as 2014, Calm Radio has used distinctive, non-functional trade dress featuring the color blue as a background and its CALM mark in white lettering for the icon button for its CALM mobile app. Variations of Plaintiff's app icon in use since 2010 are depicted here:

| 2010 | 2012 | 2014 | 2018 |
|------|------|------|------|
|  |  |  |  |

22.     Calm Radio has spent considerable time and expense on the creation, development, promotion, and enforcement of its CALM RADIO and CALM word marks and the CALM mobile app and website trade dress depicted in paragraph 21 (collectively, "Plaintiff's CALM Marks"). Through Calm Radio's years of widespread promotion and use, Plaintiff's CALM Marks have become strong, distinctive, and well-known for online music streaming services in the U.S. and abroad.

**C.     Defendant's Business and Infringing Use of Plaintiff's Calm Marks.**

23.     On information and belief, Defendant is a technology start-up company founded in 2012 and based in San Francisco that provides meditation services via a mobile application and website.

24.     On information and belief, in 2015, six years after Plaintiff began using its Calm Marks in commerce, Defendant began using the CALM mark in connection with meditation information and services. Subsequently, on information and belief,

Defendant began also offering online music streaming services focused on meditation and relaxation under the CALM mark.

25.    Defendant is the owner of record of several U.S. trademark registrations that incorporate CALM (collectively, "Defendant's CALM Marks"). These include:

a.    U.S. Trademark Reg. No. 6000366 for its word mark CALM in Class 9 for "Downloadable mobile applications for relaxation, meditation, promoting sleep, promoting wellbeing, promoting focus in the field of mindfulness; Downloadable mobile applications for monitoring and recording self-reflections; downloadable audio files in the nature of short stories and mindfulness guidance; downloadable videos in the field of mindfulness; downloadable virtual reality software featuring meditation techniques, meditation scenes and audio content in the nature of mindfulness guidance and background sounds" with a claimed date of first use of February 22, 2013, in Class 41 for "Providing a website featuring information in the field of mindfulness training; entertainment in the nature of prerecorded inspirational, sleep-promoting, focus-promoting, relaxation-promoting and mindfulness messages on-line and in mobile wireless form; entertainment services, namely, providing images and text in the field of inspirational, sleep-promoting, focus-promoting, relaxation-promoting and mindfulness on-line and in mobile wireless form; entertainment services, namely, providing online non-downloadable auditory works in the field of mindfulness; providing voice overs for recorded media for entertainment and education purposes; providing temporary use of non-downloadable mobile application software for accessing video classes in the field of mindfulness; providing online non-downloadable video classes in the field of mindfulness" with a date of first use of October 16, 2011, in Class 42 for "Providing temporary use of non-downloadable mobile application software for accessing video classes in the field of mindfulness" with a date of first use of October 16, 2011, and in Class 44 for "Providing a website featuring wellness information about mindfulness, sleep, focus and relaxation" with a date of first use of October 16, 2011.

1      b.      U.S. Trademark Reg. No. 5751634 for a stylized version of its
2   word mark CALM in Class 9 for "Downloadable software and mobile applications
3   featuring information, advice, training programmes, activity programmes, audio
4   books, texts, articles, messages, inspirational quotations, images, photographs, moving
5   images, graphic works, musical recordings, sound recordings, videos, audio-visual
6   recordings, games, multimedia files in the field of meditation and mindfulness;
7   downloadable software and mobile applications for use in meditation and meditation
8   training" with a date of first use of February 16, 2015, in Class 41 for "Providing a
9   website featuring information, advice, non-downloadable articles, texts, messages,
10  images, quotations, and information in the field of meditation and mindfulness
11  training" with a date of first use of February 16, 2015, and in Class 44 for "providing
12  a website featuring information, advice, in the field of health and wellness, featuring
13  meditation and mindfulness" with a date of first use of February 16, 2015.

14      c.      U.S. Trademark Reg. No. 5666935 for a stylized design mark
15  CALM () in Class 9 for "Downloadable software and mobile applications
16  featuring information, advice, training programmes, activity programmes, audio
17  books, texts, articles, messages, inspirational quotations, images, photographs, moving
18  images, graphic works, musical recordings, sound recordings, videos, audio-visual
19  recordings, games, multimedia files in the field of meditation and mindfulness;
20  downloadable software and mobile applications for use in meditation and meditation
21  training" with a date of first use of February 16, 2015, in Class 41 for "Providing a
22  website featuring information, advice, non-downloadable articles, texts, messages,
23  images, quotations, and information in the field of meditation and mindfulness
24  training" with a date of first use of February 16, 2015, and in Class 44 for "providing
25  a website featuring information, advice, in the field of health and wellness, featuring
26  meditation and mindfulness" with a date of first use of February 16, 2015.

27      d.      U.S. Trademark Reg. No.  6337486 for a stylized design mark
28  CALM () in Class 9 for "Tuition, publications, electronic books, electronic

newsletters, electronic magazines, posters; downloadable electronic publications, namely, books, audio books, newsletters, magazines, posters, texts, articles, messages, inspirational quotations, exercise books, activity books, educational books in the field of meditation and mindfulness; downloadable ringtones; downloadable images, photographs, posters, computer wallpapers, music, sound recordings, moving images, graphic works, video recordings, audio-visual recordings, games and multimedia files in the field of meditation and mindfulness; pre-recorded CDs, DVDs, laser disks, optically readable discs and high definition digital disks featuring information, advice, musical recordings, sound recordings, videos recordings, audio-visual recordings, books, audio books, text, articles, messages, quotations, images, moving images, photographs, graphic works, games, activities, interactive activities, training programmes, in the field of meditation and mindfulness; mouse mats; audio speakers; earphones; straps for mobile phones; cases for mobile phones, smart phones, computer tablets, personal digital assistants, handheld computers, laptops, notebook computers; sunglasses; cases for spectacles and sunglasses," in Class 16 for "Books, newsletters, magazines, posters, texts, articles, booklets, exercise books, activity books, educational books, in the field of meditation and mindfulness; stationery; organizers for stationery use; binders; folders for stationery use; adhesives and decals for stationery use; stickers and transfers; photo albums; memory books; address books; agendas; notepads; note books; art paper; art pads; maps; art prints; posters; art prints on canvas; framed art prints; framed photographs; printed photographs, postcards; greetings cards; birthday cards; occasion cards; picture cards; quotation cards; blank journals; book marks; bumper stickers; calendars; paper for wrapping and packaging; cartoon prints; drawing instruments; paper gift tags; paper gift wrap; plastic gift wrap; printed activity cards; picture books; stencils," in Class 35 for "Retail store services, electronic retail store services, and mail order retail store services featuring educational publications in the fields of meditation and mindfulness, books, electronic books, audio books, activity books, exercise books, electronic publications, booklets,

newsletters, magazines, activity books, meditation training programmes, articles, compilations of quotations, graphic works, images, computer wallpapers, ringtones, posters, art prints on canvas, framed art prints, framed photographs, photographs, digital photographs, images, digital images, poetry books, games, downloadable games software, mugs, stationery, musical recordings, pre-recorded CDs, pre-recorded DVDs, pre-recorded laser disks, pre-recorded optically readable discs, pre-recorded high definition digital disks, video recordings, multi-media recordings, sound recordings, stationery, organizers for stationery use, binders, folders for stationery use, adhesives and decals for stationery use, stickers and transfers, photo albums, memory books, address books, agendas, notepads, note books, art paper, art pads, maps, art prints, posters, art prints on canvas, postcards, greetings cards, birthday cards, occasion cards, picture cards, quotation cards, blank journals, book marks, bumper stickers, calendars, packaging paper, cartoon prints, drawing instruments, gift tags, gift wrap, activity cards, picture books, stencils, sun glasses, photo albums, candles, aromatherapy oils, massage oils, bath oils, soaps, bath bombs, bath milks, bubble bath, bath crystals, bath pearls, bath salts, shower gels, shower lotions, gift baskets containing non-medicated bath preparations and cosmetic preparations, shampoos, skin lotions, body lotions, body creams, facial beauty masks, cosmetics, skin moisturizers, aftershave, fragrance sticks, essential oils, perfume, flower essences, aromatherapy products, incense, cushions, cushion cases, throws, rugs, downloadable mobile applications, phone accessories, phone cases, cases for tablets, cases for personal digital assistants, toys, eye masks, mouse mats, audio speakers, earphones, straps for mobile phones, cases for handheld computers, cases for laptops, cases for notebook computers, sunglasses, cases for spectacles and sunglasses, candle lamps, candle lanterns, lanterns, candle sticks, candle holders, ornamental decorations, decorations for Christmas trees, paper weights," in Class 41 for "Publication of texts, books, newsletters, magazines, posters and other printed matter; publishing of electronic texts, electronic books, electronic newsletters, electronic articles, music,

sound recordings, images, moving images, graphic works, and other publications in electronic form; providing on-line publications in the nature of books, newsletters, magazines, posters, texts, articles, messages, quotations, images, and graphic works in the field of meditation and mindfulness; providing information in the fields of entertainment, publishing and education, namely, providing information relating to conferences, events, seminars, courses, workshops, lectures, classes, activities, get-togethers, and entertainment events, all in the field of health and well-being; tuition, training and entertainment services, namely, providing information, advice, training programmes, non-downloadable publications, namely, books, magazines, newsletters, guides, articles, stories, news, commentary, quotations, texts, and non-downloadable videos, music, sound recordings, images, moving images, and games, by means of a global computer network, in the field of meditation and mindfulness training; organizing, arranging, conducting, providing and hosting meditation training programmes; organizing, arranging, conducting, providing and hosting concerts; meditation training services; organizing, arranging, and conducting seminars, tutoring, workshops, and classes in the field of meditation and mindfulness; organizing, arranging, conducting and hosting events, activities, get-togethers, and parties, in the nature of art events, cultural events, and social entertainment events, in the field of meditation and mindfulness training; providing information and consulting services relating to all the aforesaid services." This registration is registered on a 44E basis and was registered on May 4, 2021.

26.    Calm Radio has not licensed or otherwise authorized Defendant's use of Plaintiff's CALM Marks, or any other mark containing the term CALM.

27.    Defendant's use of the confusingly similar CALM word marks and CALM logo mark depicted in paragraph 25 infringe Plaintiff's CALM Marks.

28.    On information and belief, because of the COVID-19 pandemic and resulting worldwide anxiety amongst people, Defendant's meditation app and services have skyrocketed in popularity and use. Given Defendant's recent popularity, the

public is likely to and has associated Plaintiff's CALM Marks with Defendant, the junior mark user, rather than Calm Radio, the senior user of the marks. This is, therefore, a case of both forward and reverse confusion.

29.     On information and belief, Defendant is well aware of the customer confusion its use of the CALM mark and associated trade dress has created since, until recently, it had a disclaimer on its website specifically clarifying that it is not affiliated with Calm Radio. *See* Ex. A. The disclaimer previously stated:

> Please note, this Help Center is for Calm the meditation app and website, and not Calm Radio.
>
> Calm.com is not associated with Calm Radio in any way. Purchasing a subscription for Calm Radio will not unlock content in the Calm app or on the Calm website.
> While both Calm and Calm Radio do provide a variety of music and nature sounds to listen to, the Calm app and website also includes a wide variety of other audio and video content options, including meditations, masterclasses, Sleep Stories, and more.

Defendant's website has recently been updated and instead states "We are not Calm Radio, Calm Supplement, My Calm Blanket, or Calm Box."[1]

30.     Compounding the confusion is Defendant's use of a blue mobile app icon with the word CALM shown in white lettering that is confusingly similar to Calm Radio's own CALM mobile app icon. A copy of Defendant's mobile app icon is depicted here:



---

[1] *See*: https://support.calm.com/hc/en-us/articles/360042603994-We-are-not-Calm-Radio-Calm-Supplement-My-Calm-Blanket-or-Calm-Box, accessed on March 4, 2022.

1    31.    The likelihood of confusion between Plaintiff and Defendant is increased

2  as the very first listing that shows up in response to a search on the term "Calm

3  Radio" in the Apple App Store is an advertisement for _Defendant's_ mobile app. A true

4  and correct copy is pasted below.



32.    On information and belief, Defendant was well aware of Plaintiff's

senior rights in Plaintiff's Calm Marks since before Defendant began offering music

streaming services, since the parties had discussions about Defendant potentially

acquiring Plaintiff, and entered into a NDA. Defendant had actual knowledge of

Plaintiff, its business, and its prior trademark rights in Plaintiff's CALM Marks,

highlighting the knowing and willful nature of Defendant's infringement.

33.    Despite its knowledge of Calm Radio's senior trademark rights, in

March 2022, Defendant sent take down notices to the Apple App Store and Google

Play asking that these platforms remove Calm Radio's CALM mobile app and falsely

1   claiming that Defendant has senior rights to the CALM mark and mobile app trade

2   dress. *See* Ex. B.

3       34.    Defendant's takedown demands to Apple and Google blatantly disregard

4   Plaintiff's prior trademark rights and erode the goodwill and reputation of Plaintiff's

5   CALM marks with these important platforms.

6       35.    Defendant's infringing use of Defendant's CALM Marks has injured

7   Calm Radio in its business and intellectual property and threatens to continue to

8   irreparably injure Calm Radio unless enjoined by this Court. Defendant's conduct has

9   also deprived Calm Radio of value that rightfully belongs to it through loss of

10  goodwill.

11                  **FIRST CAUSE OF ACTION**
                  **Federal Trademark Infringement**
12          **Lanham Act § 32(1)(a); 15 U.S.C. § 1114(1)(a)**

13      36.    Calm Radio incorporates by reference and realleges all previous

14  paragraphs as though fully set forth herein.

15      37.    Calm Radio owns a valid and enforceable federal trademark registration

16  for the CALM RADIO mark, U.S. federal trademark registration No. 5080280.

17      38.    Calm Radio has not authorized Defendant to use Plaintiff's registered

18  CALM RADIO mark, and Defendant's ongoing use of Defendant's CALM Marks

19  has resulted in Defendant unfairly and unlawfully benefitting from the goodwill

20  embodied in Plaintiff's registered mark.

21      39.    Defendant's unauthorized use and promotion of Defendant's CALM

22  Marks in commerce has caused and is likely to cause confusion, mistake, or deception

23  on the part of consumers as to the source, nature, and/or quality of the goods and

24  services Defendant is promoting or offering under Defendant's CALM Marks,

25  constituting trademark infringement in violation of 15 U.S.C. § 1114.

26      40.    As a direct and proximate result of Defendant's wrongful conduct,

27  Plaintiff has been, is now, and will be irreparably injured and damaged, and unless

28  Defendant is enjoined by the Court, Plaintiff will suffer further harm to its mark,

reputation, and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

41.    Defendant has acted willfully to usurp Plaintiff's rights and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**SECOND CAUSE OF ACTION**
**False Designation of Origin**
**Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)**

42.    Calm Radio incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

43.    In addition to its registered CALM RADIO mark, Plaintiff owns and enjoys valid, enforceable, and fully subsisting common law rights in its CALM RADIO and CALM marks.

44.    Calm Radio has had valid and protectable rights in its CALM RADIO and CALM marks since prior to Defendant's first use of Defendant's CALM Marks.

45.    On information and belief, Defendant has used Defendant's CALM Marks in commerce in the United States in connection with the sale, offering for sale, distribution, and promotion of its goods and services.  Defendant's use of Defendant's CALM Marks in commerce constitutes false designation of origin, as it is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection, or association between Calm Radio and Defendant, or as to the origin, sponsorship, or approval of Defendant's goods or services by Calm Radio and vice versa.

46.    As a direct and proximate result of Defendant's wrongful conduct, Calm Radio has been, is now, and will be irreparably injured and damaged, and unless Defendant is enjoined by the Court, Calm Radio will suffer further harm to its mark, reputation, and goodwill.  This harm constitutes an injury for which Calm Radio has no adequate remedy at law.

47.    On information and belief, as a direct and proximate result of Defendant's saturation of the market with its promotions and press coverage,

13
**COMPLAINT**

consumers are also likely to mistakenly associate Plaintiff's CALM Marks with Defendant, the junior use of the CALM mark, instead of Calm Radio, the senior user of Plaintiff's CALM Marks. Defendant's use of Defendant's CALM Marks is thus likely to cause both forward and reverse confusion and constitutes a violation of 15 U.S.C. § 1125(a).

48.     On information and belief, Defendant has acted willfully and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a) in this exceptional case.

### THIRD CAUSE OF ACTION
### Trade Dress Infringement
### Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)

49.     Calm Radio incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

50.     On information and belief, Defendant has used a trade dress in connection with its CALM mobile app icon that is confusingly similar to Calm Radio's trade dress for its CALM mobile application.

51.     Calm Radio has senior rights to its CALM mobile app trade dress by virtue of using the distinctive and nonfunctional trade dress in commerce since well before Defendant began using Defendant's CALM Marks.

52.     Defendant's use of a confusingly similar blue mobile app icon with the word CALM featured in white lettering is likely to cause confusion and/or mistake in the minds of consumers as to affiliation, relation, or association of Calm Radio with Defendant or as to the origin, sponsorship, or approval by Calm Radio of Defendant's services.

53.     As a direct and proximate result of Defendant's infringing activities, Calm Radio has been, is now, and will be irreparably injured and damaged, and unless Defendant is enjoined by the Court, Calm Radio will suffer further harm to its mark, reputation, and goodwill.  This harm constitutes an injury for which Calm Radio has no adequate remedy at law.

54.     Defendant's trade dress infringement will also continue to cause irreparable harm if Defendant is not restrained by this Court from further violation of Calm Radio's rights. Calm Radio has no adequate remedy at law for the harm being caused to Calm Radio, particularly with respect to the loss of Calm Radio's goodwill and market share due to Defendant's infringement. Calm Radio is therefore entitled to and seeks injunctive relief.

55.     On information and belief, Defendant has acted willfully and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a) in this exceptional case.

### FOURTH CAUSE OF ACTION
### Common Law Trademark Infringement

56.     Calm Radio incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

57.     Calm Radio owns and enjoys valid, enforceable, and fully subsisting common law trademark rights in Plaintiff's Calm Marks in California and throughout the United States.

58.     Defendant, through the conduct and violations described above, is engaging in trademark infringement and unfair competition against Calm Radio under California common law.

59.     As a direct and proximate result of Defendant's wrongful conduct, Calm Radio has and will be irreparably injured and damaged, and unless Defendant is enjoined by the Court, Calm Radio will suffer further harm to its mark, reputation, and goodwill.   This harm constitutes an injury for which Calm Radio has no adequate remedy at law.

60.     On information and belief, Defendant has acted willfully.

### FIFTH CAUSE OF ACTION
### Unlawful, Unfair, and Fraudulent Business Practices
### California Business & Professions Code § 17200

1    61.    Calm Radio incorporates by reference and realleges all previous

2  paragraphs as though fully set forth herein.

3    62.    Defendant's conduct, described above, constitutes unlawful, unfair, or

4  fraudulent business acts or practices and as such constitutes unfair competition under

5  California Business & Professions Code §§ 17200 *et seq*.

6    63.    Defendant's conduct constitutes unlawful and unfair business acts or

7  practices in that Defendant has engaged in unfair competition through using a false

8  designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

9    64.    As a direct and proximate result of Defendant's wrongful and unfair

10  conduct, Calm Radio has been, is now, and will be irreparably injured and damaged,

11  and unless Defendant is enjoined by the Court, Calm Radio will suffer further harm to

12  its mark, reputation, and goodwill.  This harm constitutes an injury for which Calm

13  Radio has no adequate remedy at law.

14    65.    On information and belief, Defendant has acted willfully.

15  **SIXTH CAUSE OF ACTION**
**Deceptive, False, and Misleading Advertising**
16  **California Business & Professions Code § 17500**

17    66.    Calm Radio incorporates by reference and realleges all previous

18  paragraphs as though fully set forth herein.

19    67.    Defendant's conduct, described above, constitutes false and misleading

20  advertising under California Business & Professions Code §§ 17500 *et seq*.

21    68.    Calm Radio has valid and protectable rights in Plaintiff's Calm Marks

22  since prior to Defendant's first use of Defendant's CALM Marks.

23    69.    Calm Radio has not authorized Defendant to use Plaintiff's CALM

24  Marks in connection with the promotion of Defendant's goods and services.

25    70.    Defendant's unauthorized use of Defendant's CALM Marks is likely to

26  cause consumers to believe that there is a relationship between Defendant and Calm

27  Radio and/or that Defendant's products and services are associated with or come from

28  Calm Radio, and/or vice versa, when they do not, and such association constitutes

1   false and misleading advertising in violation of California Business & Professions
2   Code §§ 17500 *et seq.*

3       71.     Defendant's use of Defendant's CALM Marks will permit Defendant to
4   capitalize on Calm Radio's success, goodwill, and reputation in promoting its goods
5   and services.  Further, Defendant's false and misleading advertising has harmed and is
6   likely to continue to harm Calm Radio by diverting business from Calm Radio to
7   Defendant and by discouraging or frustrating potential users of Calm Radio's services
8   from being able to consume those services.

9       72.     As a direct and proximate result of Defendant's wrongful conduct, Calm
10  Radio has been, is now, and will be irreparably injured and damaged, and unless
11  Defendant is enjoined by the Court, Calm Radio will suffer further harm to its name,
12  reputation, and goodwill.  This harm constitutes an injury for which Calm Radio has
13  no adequate remedy at law.

14      73.     On information and belief, Defendant has acted willfully.

15                          **REQUEST FOR RELIEF**

16      WHEREFORE, Plaintiff Calm Radio respectfully requests that the Court enter
17  judgment against Defendant Calm.com, Inc. as follows:

18      1.      Preliminarily and permanently enjoining Defendant, and all persons in
19  active concert or participation with it, from directly or indirectly:

20              •   using Defendant's CALM Marks, or any other mark, word,
21                  company name, trade name, brand name, or product name
22                  incorporating or confusingly similar to Plaintiff's CALM Marks;
23              •   from representing by any means whatsoever, that Plaintiff and its
24                  goods and services are associated in any way with Defendant or
25                  Defendant's CALM Marks;
26              •   from using Plaintiff's CALM mobile app trade dress or any
27                  confusingly similar trade dress;
28

- from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that Plaintiff's goods or services come from or are the products or services of Defendant, or are somehow sponsored by or associated with Defendant; and
- from otherwise unfairly competing with Plaintiff or misappropriating Plaintiff's reputation and goodwill.

2. Directing, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the cancellation of U.S. Trademark Registration Nos. 6000366, 5751634, 6337486, and 5666935 and any and all other federal registrations for the mark CALM or any mark consisting of, incorporating, or containing Plaintiff's CALM Marks or any confusingly similar variation owned or controlled by Defendant;

3. Directing, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the abandonment with prejudice of any and all of Plaintiff's U.S. trademark applications to register the mark CALM or any mark consisting of, incorporating, or containing the CALM element or any confusingly similar variation to Plaintiff's CALM Marks;

4. Ordering Defendant to deliver up for destruction all products, packaging, labels, wrappers, signs, prints, advertisements, electronic files, and other articles bearing the infringing Defendant's CALM Marks;

5. Awarding Plaintiff its actual damages and Defendant's unjust and unlawful profits arising from Defendant's misconduct;

6. Ordering restitution to Plaintiff for Defendant's unjust enrichment and unlawful gains to the detriment of Plaintiff;

7. Awarding Plaintiff additional damages and profits of three times the actual damages and profits, together with attorneys' fees;

8. Awarding exemplary damages in an amount to be determined by jury;

1    9.    Awarding Plaintiff its costs of suit, attorney's fees, and reasonable
2  expenses in this exceptional case;

3    10.    Awarding pre-and post-judgment interest at the maximum rate allowable
4  by the law; and

5    11.    Granting such other relief as the Court may deem just and equitable.

6                        **DEMAND FOR JURY TRIAL**

7  Plaintiff demands a trial by jury on all issues so triable.

8

9  Dated:  March 16, 2022              WINSTON & STRAWN LLP

10                                By:  */s/ Jennifer A. Golinveaux*
11                                      Jennifer A. Golinveaux
                                        Irina V. Lyapis
12                                      Samantha Looker

13                                      Attorneys for Plaintiff Calm Radio Corp.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              **COMPLAINT**