1   Jennifer A. Golinveaux (SBN 203056)
    jgolinveaux@winston.com
2   Irina V. Lyapis (SBN 298723)
    ilyapis@winston.com
3   Samantha Looker (SBN 340564)
    slooker@winston.com
4   **WINSTON & STRAWN LLP**
    101 California Street, 35th Floor
5   San Francisco, CA  94111-5840
    Telephone:  (415) 591-1000
6   Facsimile:   (415) 591-1400

7   Diana Hughes Leiden (SBN 267606)
    dhleiden@winston.com
8   **WINSTON & STRAWN LLP**
    333 South Grand Avenue, 38th Floor
9   Los Angeles, CA 90071-1543
    Telephone: (213) 615-1700
10   Facsimile: (213) 615-1750

11   Attorneys for Plaintiff
    STINGRAY GROUP INC.

12

13         **UNITED STATES DISTRICT COURT**

14         **NORTHERN DISTRICT OF CALIFORNIA**

15

16   STINGRAY GROUP INC., a Canadian
    corporation,
17

18         Plaintiff,

19         v.

20   CALM.COM, INC., a Delaware corporation,

21         Defendant.

22

| | |
|---|---|
| | **Case No. 3:22-cv-01708-VC** |
| | **FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND FALSE ADVERTISING** |
| | **DEMAND FOR JURY TRIAL** |

23

24       Plaintiff Stingray Group Inc. ("Plaintiff" or "Stingray Group"), by and for its complaint

25   against Defendant Calm.com, Inc. ("Defendant" or "Calm.com"), alleges as follows:

26

27

28

**INTRODUCTION**

1.      This dispute arises out of Defendant Calm.com's unauthorized and unlawful adoption and use of the CALM mark, which is confusingly similar to the CALM RADIO and CALM word marks owned and used by Plaintiff's Calm Radio division, a provider of, *inter alia*, online music streaming services focused on relaxation and stress reduction. To make matters worse, Calm.com is also using trade dress for its app icon that closely mimics and infringes the trade dress used for Plaintiff's Calm Radio app icon.

2.      When Defendant Calm.com first launched, years after Calm Radio began using the CALM and CALM RADIO marks in commerce, Calm.com was focused on providing information related to meditation and relaxation. More recently, Calm.com has begun providing online music streaming services focused on relaxation and stress reduction; services directly competitive with Plaintiff's services.

3.      Not surprisingly, Calm.com's use of the CALM mark to offer the very same services offered by Plaintiff's Calm Radio division is creating significant confusion in the marketplace, made worse by Defendant's similar infringing app icon and the fact that both parties provide their services via online apps distributed on the very same platforms.

4.      Plaintiff brings this action to stop the ongoing customer confusion and to protect its valuable intellectual property.

**THE PARTIES**

5.      Plaintiff Stingray Group Inc. ("Stingray Group") is a corporation incorporated under the federal laws of Canada, with its principal place of business in Montreal, Canada. Stingray Group is a leading music, media, and technology company. Calm Radio Corp. was a corporation incorporated under the laws of the Province of Ontario, Canada, with its principal place of business in Toronto, Canada. Stingray Group acquired Calm Radio Corp. in 2018. In April 2022, following its continuance as a federal corporation, Calm Radio Corp. was amalgamated into Stingray Group. Calm Radio continues to operate as a business division within Stingray Group and Stingray Group acquired the CALM and CALM RADIO trademarks by assignment in April 2022. Calm Radio provides online music streaming services focused on relaxation and stress reduction.

6.      Defendant Calm.com, Inc., is a Delaware corporation with its principal place of business in San Francisco, California. Defendant provides information and services focused on meditation, relaxation and stress reduction, including online music streaming services.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the federal Lanham Act relating to trademarks (15 U.S.C. § 1125(a)), and this Court has jurisdiction over the state law unfair competition claims herein pursuant to 28 U.S.C. § 1338(b) because such claims are joined with a substantial and related claim under the federal Lanham Act.  Further, this Court may exercise supplemental jurisdiction over Plaintiff's claims that arise under the laws of the State of California and California common law pursuant to 28 U.S.C. § 1367 because they are so related to the claims arising under the federal Lanham Act that they form part of the same case or controversy.

8.      The Court has personal jurisdiction over Defendant because Defendant resides in this District with its principal place of business located at 77 Geary St., 3rd Floor, San Francisco, California.   Defendant also conducts substantial business, including developing, testing, and marketing its goods and services in the State of California and in this District.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District, and because Defendant is subject to personal jurisdiction in this District or may be found in this District.

## INTRADISTRICT ASSIGNMENT

10.      This action is not subject to divisional assignment because the case arises under intellectual property laws.

FIRST AMENDED COMPLAINT

# FACTUAL BACKGROUND

## A.     Plaintiff's Business

11.     In April 2022, Calm Radio Corp. amalgamated with Stingray Group under the federal laws of Canada.  As a result of the amalgamation, Stingray Group is now the owner of record of the relevant trademarks, as set forth below.

12.     Calm Radio Corp.'s Calm Radio service ("Calm Radio") was founded in 2009 by music streaming pioneer Eric Harry, an award-winning composer. Calm Radio emerged early on as a solution to the lack of online streaming relaxation music options.

13.     Since at least as early as 2009, Calm Radio has provided online streaming music services in Canada and the United States, as well as other countries, via its website at www.calmradio.com.

14.     Since at least as early as 2010, Calm Radio has also offered its curated selection of classical and relaxation-focused music via its mobile app, Calm, on the Apple App Store, and on Google Play since at least as early as 2011.

15.     Since at least as early as 2011, Calm Radio has consistently expanded its range of musical offerings through different channels dedicated to spa, healing, sleep, positivity, and nature and atmosphere sounds.

16.     Since at least as early as 2011, Calm Radio has featured meditation music tracks through its Om channel on Calm Radio.

17.     Since its inception, Calm Radio has evolved into one of the largest providers of relaxing music on the internet, offering one of the world's largest collections of curated classical music and relaxation-focused music with an emphasis on providing users with life-enhancing music for a healthier lifestyle.

18.     Calm Radio currently delivers 500 channels of relaxation, acoustic, classical, jazz, ambient, and contemporary music and over 1,000 premium channels of calming sounds, sleep music, sleep sounds, and sleep stories.

19.     Calm Radio has over one million unique monthly users and over 30,000 streaming subscribers.

**B.     Plaintiff's Valuable Trademarks**

20.     For well over a decade, since at least as early as 2009, Calm Radio has used the CALM RADIO and CALM marks in connection with its music streaming services, both in Canada and the United States.

21.     In addition to its strong common-law rights, Plaintiff owns U.S. federal trademark registration No. 5080280 for the word mark CALM RADIO in Class 9 for "Computer software for playing audio streaming transmissions of music that may be downloaded from a global computer network" with May 1, 2010, as its date of first use, and in Class 38 for "Streaming of audio material on the Internet" with January 1, 2009 as its date of first use. U.S. Registration No. 5080280 has achieved incontestability. In April 2022, U.S. Registration No. 5080280 for the word mark CALM RADIO was assigned to Stingray Group.

22.     Also, for more than a decade, since at least as early as 2010, Calm Radio has used distinctive, non-functional trade dress featuring the color blue as a background and its CALM mark in white lettering for the icon button for its CALM mobile music app and on its calmradio.com website. Since at least as early as 2014, Calm Radio has used distinctive, non-functional trade dress featuring the color blue as a background and its CALM mark in white lettering for the icon button for its CALM mobile app. Variations of Plaintiff's app icon in use since 2010 are depicted here:

| 2010 | 2012 | 2014 | 2018 |
|------|------|------|------|
|  |  |  |  |

23.     Plaintiff and its predecessor in interest, Calm Radio Corp. have spent considerable time and expense on the creation, development, promotion, and enforcement of Plaintiff's CALM RADIO and CALM word marks and the CALM mobile app and website trade dress depicted in paragraph 22 (collectively, "Plaintiff's CALM Marks"). As a result of these years of widespread promotion and use, Plaintiff's CALM Marks have become strong, distinctive, and well-known for online music streaming services in the U.S. and abroad.

1

**C.      Defendant's Business and Infringing Use of Plaintiff's CALM Marks.**

2      24.      On information and belief, Defendant is a technology start-up company founded in

3 2012 and based in San Francisco that provides meditation services via a mobile application and

4 website.

5      25.      On information and belief, in 2015, six years after Plaintiff began using its CALM

6 Marks in commerce, Defendant began using the CALM mark in connection with meditation

7 information and services. Subsequently, on information and belief, Defendant began also offering

8 online music streaming services focused on meditation and relaxation under the CALM mark.

9      26.      Defendant is the owner of record of several U.S. trademark registrations that

10 incorporate CALM (collectively, "Defendant's CALM Marks"). These include:

11      a.      U.S. Trademark Reg. No. 6000366 for its word mark CALM in Class 9 for

12 "Downloadable mobile applications for relaxation, meditation, promoting sleep, promoting

13 wellbeing, promoting focus in the field of mindfulness; Downloadable mobile applications for

14 monitoring and recording self-reflections; downloadable audio files in the nature of short stories and

15 mindfulness guidance; downloadable videos in the field of mindfulness; downloadable virtual reality

16 software featuring meditation techniques, meditation scenes and audio content in the nature of

17 mindfulness guidance and background sounds" with a claimed date of first use of February 22, 2013,

18 in Class 41 for "Providing a website featuring information in the field of mindfulness training;

19 entertainment in the nature of prerecorded inspirational, sleep-promoting, focus-promoting,

20 relaxation-promoting and mindfulness messages on-line and in mobile wireless form; entertainment

21 services, namely, providing images and text in the field of inspirational, sleep-promoting, focus-

22 promoting, relaxation-promoting and mindfulness on-line and in mobile wireless form;

23 entertainment services, namely, providing online non-downloadable auditory works in the field of

24 mindfulness; providing voice overs for recorded media for entertainment and education purposes;

25 providing temporary use of non-downloadable mobile application software for accessing video

26 classes in the field of mindfulness; providing online non-downloadable video classes in the field of

27 mindfulness" with a date of first use of October 16, 2011, in Class 42 for "Providing temporary use

28 of non-downloadable mobile application software for accessing video classes in the field of

mindfulness" with a date of first use of October 16, 2011, and in Class 44 for "Providing a website featuring wellness information about mindfulness, sleep, focus and relaxation" with a date of first use of October 16, 2011.

b.    U.S. Trademark Reg. No. 5751634 for a stylized version of its word mark CALM in Class 9 for "Downloadable software and mobile applications featuring information, advice, training programmes, activity programmes, audio books, texts, articles, messages, inspirational quotations, images, photographs, moving images, graphic works, musical recordings, sound recordings, videos, audio-visual recordings, games, multimedia files in the field of meditation and mindfulness; downloadable software and mobile applications for use in meditation and meditation training" with a date of first use of February 16, 2015, in Class 41 for "Providing a website featuring information, advice, non-downloadable articles, texts, messages, images, quotations, and information in the field of meditation and mindfulness training" with a date of first use of February 16, 2015, and in Class 44 for "providing a website featuring information, advice, in the field of health and wellness, featuring meditation and mindfulness" with a date of first use of February 16, 2015.

c.    U.S. Trademark Reg. No. 5666935 for a stylized design mark CALM () in Class 9 for "Downloadable software and mobile applications featuring information, advice, training programmes, activity programmes, audio books, texts, articles, messages, inspirational quotations, images, photographs, moving images, graphic works, musical recordings, sound recordings, videos, audio-visual recordings, games, multimedia files in the field of meditation and mindfulness; downloadable software and mobile applications for use in meditation and meditation training" with a date of first use of February 16, 2015, in Class 41 for "Providing a website featuring information, advice, non-downloadable articles, texts, messages, images, quotations, and information in the field of meditation and mindfulness training" with a date of first use of February 16, 2015, and in Class 44 for "providing a website featuring information, advice, in the field of health and wellness, featuring meditation and mindfulness" with a date of first use of February 16, 2015.

d.    U.S. Trademark Reg. No.  6337486 for a stylized design mark CALM () in Class 9 for "Tuition, publications, electronic books, electronic newsletters, electronic

magazines, posters; downloadable electronic publications, namely, books, audio books, newsletters, magazines, posters, texts, articles, messages, inspirational quotations, exercise books, activity books, educational books in the field of meditation and mindfulness; downloadable ringtones; downloadable images, photographs, posters, computer wallpapers, music, sound recordings, moving images, graphic works, video recordings, audio-visual recordings, games and multimedia files in the field of meditation and mindfulness; pre-recorded CDs, DVDs, laser disks, optically readable discs and high definition digital disks featuring information, advice, musical recordings, sound recordings, videos recordings, audio-visual recordings, books, audio books, text, articles, messages, quotations, images, moving images, photographs, graphic works, games, activities, interactive activities, training programmes, in the field of meditation and mindfulness; mouse mats; audio speakers; earphones; straps for mobile phones; cases for mobile phones, smart phones, computer tablets, personal digital assistants, handheld computers, laptops, notebook computers; sunglasses; cases for spectacles and sunglasses," in Class 16 for "Books, newsletters, magazines, posters, texts, articles, booklets, exercise books, activity books, educational books, in the field of meditation and mindfulness; stationery; organizers for stationery use; binders; folders for stationery use; adhesives and decals for stationery use; stickers and transfers; photo albums; memory books; address books; agendas; notepads; note books; art paper; art pads; maps; art prints; posters; art prints on canvas; framed art prints; framed photographs; printed photographs, postcards; greetings cards; birthday cards; occasion cards; picture cards; quotation cards; blank journals; book marks; bumper stickers; calendars; paper for wrapping and packaging; cartoon prints; drawing instruments; paper gift tags; paper gift wrap; plastic gift wrap; printed activity cards; picture books; stencils," in Class 35 for "Retail store services, electronic retail store services, and mail order retail store services featuring educational publications in the fields of meditation and mindfulness, books, electronic books, audio books, activity books, exercise books, electronic publications, booklets, newsletters, magazines, activity books, meditation training programmes, articles, compilations of quotations, graphic works, images, computer wallpapers, ringtones, posters, art prints on canvas, framed art prints, framed photographs, photographs, digital photographs, images, digital images, poetry books, games, downloadable games software, mugs, stationery, musical recordings, pre-recorded CDs, pre-recorded DVDs, pre-recorded

laser disks, pre-recorded optically readable discs, pre-recorded high definition digital disks, video recordings, multi-media recordings, sound recordings, stationery, organizers for stationery use, binders, folders for stationery use, adhesives and decals for stationery use, stickers and transfers, photo albums, memory books, address books, agendas, notepads, note books, art paper, art pads, maps, art prints, posters, art prints on canvas, postcards, greetings cards, birthday cards, occasion cards, picture cards, quotation cards, blank journals, book marks, bumper stickers, calendars, packaging paper, cartoon prints, drawing instruments, gift tags, gift wrap, activity cards, picture books, stencils, sun glasses, photo albums, candles, aromatherapy oils, massage oils, bath oils, soaps, bath bombs, bath milks, bubble bath, bath crystals, bath pearls, bath salts, shower gels, shower lotions, gift baskets containing non-medicated bath preparations and cosmetic preparations, shampoos, skin lotions, body lotions, body creams, facial beauty masks, cosmetics, skin moisturizers, aftershave, fragrance sticks, essential oils, perfume, flower essences, aromatherapy products, incense, cushions, cushion cases, throws, rugs, downloadable mobile applications, phone accessories, phone cases, cases for tablets, cases for personal digital assistants, toys, eye masks, mouse mats, audio speakers, earphones, straps for mobile phones, cases for handheld computers, cases for laptops, cases for notebook computers, sunglasses, cases for spectacles and sunglasses, candle lamps, candle lanterns, lanterns, candle sticks, candle holders, ornamental decorations, decorations for Christmas trees, paper weights," in Class 41 for "Publication of texts, books, newsletters, magazines, posters and other printed matter; publishing of electronic texts, electronic books, electronic newsletters, electronic articles, music, sound recordings, images, moving images, graphic works, and other publications in electronic form; providing on-line publications in the nature of books, newsletters, magazines, posters, texts, articles, messages, quotations, images, and graphic works in the field of meditation and mindfulness; providing information in the fields of entertainment, publishing and education, namely, providing information relating to conferences, events, seminars, courses, workshops, lectures, classes, activities, get-togethers, and entertainment events, all in the field of health and well-being; tuition, training and entertainment services, namely, providing information, advice, training programmes, non-downloadable publications, namely, books, magazines, newsletters, guides, articles, stories, news, commentary, quotations, texts, and non-

downloadable videos, music, sound recordings, images, moving images, and games, by means of a global computer network, in the field of meditation and mindfulness training; organizing, arranging, conducting, providing and hosting meditation training programmes; organizing, arranging, conducting, providing and hosting concerts; meditation training services; organizing, arranging, and conducting seminars, tutoring, workshops, and classes in the field of meditation and mindfulness; organizing, arranging, conducting and hosting events, activities, get-togethers, and parties, in the nature of art events, cultural events, and social entertainment events, in the field of meditation and mindfulness training; providing information and consulting services relating to all the aforesaid services." This registration is registered on a 44E basis and was registered on May 4, 2021.

27.     Neither Plaintiff, nor its predecessor in interest, Calm Radio Corp., have licensed or otherwise authorized Defendant's use of Plaintiff's CALM Marks, or any other mark containing the term CALM.

28.     Defendant's use of the confusingly similar CALM word marks and CALM logo mark depicted in paragraph 26 infringe Plaintiff's CALM Marks.

29.     On information and belief, because of the COVID-19 pandemic and resulting worldwide anxiety amongst people, Defendant's meditation app and services have skyrocketed in popularity and use. Given Defendant's recent popularity, the public is likely to and has associated Plaintiff's CALM Marks with Defendant, the junior mark user, rather than Plaintiff, the senior user of the marks. This is, therefore, a case of both forward and reverse confusion.

30.     As detailed below, Defendant's infringing use of Defendant's CALM Marks has created abundant consumer confusion, including many confused consumers contacting Calm Radio. Defendant's infringing use of Defendant's CALM Marks is confusing consumers as to the source of the services provided by Plaintiff's Calm Radio division and Calm.com. Examples of the types of consumer confusion Plaintiff has become aware of include:

- Calm Radio customers downloading the Calm.com mobile application mistakenly believing it to be associated with Calm Radio and requesting assistance because they are unable to restore their Calm Radio purchases on the Calm.com mobile application;

- Calm Radio customers mistakenly trying to sign into the Calm.com mobile application with their Calm Radio credentials;

- Consumers asking if Calm Radio and Calm.com are the same company or somehow related;

- Calm.com customers contacting Calm Radio complaining about overcharges on their Calm.com subscription accounts; and

- Calm.com customers contacting Calm Radio complaining about their accounts not showing up on additional devices and being prompted to purchase additional Calm.com subscriptions.

31.     On information and belief, Defendant is well aware of the customer confusion its use of the CALM mark and associated trade dress has created since, until recently, it had a prominent disclaimer on its website specifically clarifying that it is not affiliated with Calm Radio. *See* Ex. A. The disclaimer previously stated:

> Please note, this Help Center is for Calm the meditation app and website, and not Calm Radio.
>
> Calm.com is not associated with Calm Radio in any way. Purchasing a subscription for Calm Radio will not unlock content in the Calm app or on the Calm website.
> While both Calm and Calm Radio do provide a variety of music and nature sounds to listen to, the Calm app and website also includes a wide variety of other audio and video content options, including meditations, masterclasses, Sleep Stories, and more.

Defendant's website has recently been updated and instead states "We are not Calm Radio, Calm Supplement, My Calm Blanket, or Calm Box."[1]

32.     Plaintiff's, and its predecessor in interest, Calm Radio Corp.'s, continuous use of its CALM RADIO and CALM marks since at least 2009 in connection with its music streaming services, both in Canada and the United States, has created significant value. Plaintiff's investment in and the value of Plaintiff's CALM Marks has been damaged as a result of Defendant's infringing use of Defendant's confusingly similar CALM Marks because Plaintiff's CALM Marks no longer

---

[1] *See*: https://support.calm.com/hc/en-us/articles/360042603994-We-are-not-Calm-Radio-Calm-Supplement-My-Calm-Blanket-or-Calm-Box, accessed on March 4, 2022.

FIRST AMENDED COMPLAINT

serve to uniquely identify Plaintiff's Calm Radio division as the source of services offered in connection with Plaintiff's CALM Marks.

33.    On information and belief, Defendant's infringing use of Defendant's CALM Marks has caused Plaintiff to lose customers, sales, revenue, and market share.

34.    On information and belief, Defendant's infringing use of Defendant's CALM Marks has harmed and is likely to continue to harm Plaintiff by diverting business from Plaintiff to Defendant and by discouraging or frustrating potential users of Plaintiff's services from being able to consume those services.

35.    Defendant has also harmed Plaintiff by holding itself out as the senior user of the CALM marks, undermining the value of Plaintiff's CALM Marks in the marketplace.

36.    Compounding the confusion is Defendant's use of a blue mobile app icon with the word CALM shown in white lettering that is confusingly similar to Plaintiff's own CALM mobile app icon. A copy of Defendant's mobile app icon is depicted here:



37.    The likelihood of confusion between Calm Radio and Defendant is increased as the very first listing that shows up in response to a search on the term "Calm Radio" in the Apple App Store is an advertisement for _Defendant's_ mobile app. A true and correct copy is pasted below.



FIRST AMENDED COMPLAINT

38.     On information and belief, Defendant was well aware of Plaintiff's senior rights in Plaintiff's CALM Marks since before Defendant began offering music streaming services, since Calm Radio Corp. had discussions about Defendant potentially acquiring Calm Radio, and entered into a NDA with Defendant. Defendant had actual knowledge of Calm Radio, its business, and its prior trademark rights in Plaintiff's CALM Marks, highlighting the knowing and willful nature of Defendant's infringement.

39.     Despite its knowledge of Plaintiff's senior trademark rights, in March 2022, Defendant sent take down notices to the Apple App Store and Google Play asking that these platforms remove Plaintiff's CALM mobile app and falsely claiming that Defendant has senior rights to the CALM mark and mobile app trade dress. *See* Ex. B.

40.     Defendant's takedown demands to Apple and Google blatantly disregard Plaintiff's prior trademark rights and erode the goodwill and reputation of the Plaintiff's CALM Marks with these important platforms.

41.     Defendant's infringing use of Defendant's CALM Marks has injured Plaintiff in its business and intellectual property and threatens to continue to irreparably injure Plaintiff unless enjoined by this Court. Defendant's conduct has also deprived Plaintiff of value that rightfully belongs to Plaintiff through loss of goodwill and undermining the value of Plaintiff's CALM Marks and their ability to uniquely identify Plaintiff's services. Further, Defendant's infringing use of the CALM Marks has harmed and is likely to continue to harm Plaintiff by diverting business from Plaintiff to Defendant and by discouraging or frustrating potential users of Calm Radio services from being able to consume those services.  This harm includes, but is not limited to, loss of customers, sales, revenues, market share, and brand equity.

### FIRST CAUSE OF ACTION
**Federal Trademark Infringement**
**Lanham Act § 32(1)(a); 15 U.S.C. § 1114(1)(a)**

42.     Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

43.     Plaintiff owns a valid and enforceable federal trademark registration for the CALM RADIO mark, U.S. federal trademark registration No. 5080280.

44.     Neither Plaintiff nor its predecessor in interest, Calm Radio Corp., has authorized Defendant to use Plaintiff's registered CALM RADIO mark, and Defendant's ongoing use of Defendant's CALM Marks has resulted in Defendant unfairly and unlawfully benefitting from the goodwill embodied in the registered CALM RADIO mark.

45.     Defendant's unauthorized use and promotion of Defendant's CALM Marks in commerce has caused and is likely to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and/or quality of the goods and services Defendant is promoting or offering under Defendant's CALM Marks, constituting trademark infringement of Plaintiff's CALM RADIO mark in violation of 15 U.S.C. § 1114.

46.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged, and unless Defendant is enjoined by the Court, Plaintiff will suffer further harm to its mark, reputation, and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

47.     On information and belief, Defendant has acted willfully to usurp Plaintiff's rights and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a) in this exceptional case.

**SECOND CAUSE OF ACTION**
**False Designation of Origin**
**Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)**

48.     Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

49.     In addition to its registered CALM RADIO mark, Plaintiff owns and enjoys valid, enforceable, and fully subsisting common law rights in its CALM RADIO and CALM marks.

50.     Plaintiff's valid and protectable rights in its CALM RADIO and CALM marks predate Defendant's first use of Defendant's CALM Marks.

51.     On information and belief, Defendant has used Defendant's CALM Marks in commerce in the United States in connection with the sale, offering for sale, distribution, and promotion of its goods and services. Defendant's use of Defendant's CALM Marks in commerce constitutes false designation of origin, as it is likely to cause confusion, or to cause mistake, or to

1   deceive consumers as to an affiliation, connection, or association between Calm Radio and

2   Defendant, or as to the origin, sponsorship, or approval of Defendant's goods or services by

3   Plaintiff's Calm Radio division and vice versa.

4       52.   As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been,

5   is now, and will be irreparably injured and damaged, and unless Defendant is enjoined by the Court,

6   Plaintiff will suffer further harm to its mark, reputation, and goodwill. This harm constitutes an

7   injury for which Plaintiff has no adequate remedy at law.

8       53.   On information and belief, as a direct and proximate result of Defendant's saturation

9   of the market with its promotions and press coverage, consumers are also likely to mistakenly

10  associate Plaintiff's CALM RADIO and CALM marks with Defendant, the junior use of the CALM

11  mark, instead of Plaintiff, the senior user of Plaintiff's CALM RADIO and CALM marks.

12  Defendant's use of Defendant's CALM Marks is thus likely to cause both forward and reverse

13  confusion and constitutes a violation of 15 U.S.C. § 1125(a).

14      54.   On information and belief, Defendant has acted willfully and should be held liable

15  for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a) in this exceptional case.

16                          **THIRD CAUSE OF ACTION**
                            **Trade Dress Infringement**
17              **Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)**

18      55.   Plaintiff incorporates by reference and realleges all previous paragraphs as though

19  fully set forth herein.

20      56.   On information and belief, Defendant has used a trade dress in connection with its

21  CALM mobile app icon that is confusingly similar to Plaintiff's trade dress for its CALM mobile

22  application.

23      57.   Plaintiff has senior rights to its CALM mobile app trade dress by virtue of using the

24  distinctive and nonfunctional trade dress in commerce since well before Defendant began using

25  Defendant's CALM Marks.

26      58.   Defendant's use of a confusingly similar blue mobile app icon with the word CALM

27  featured in white lettering is likely to cause confusion and/or mistake in the minds of consumers as

28

to affiliation, relation, or association of Plaintiff's Calm Radio division with Defendant or as to the origin, sponsorship, or approval by Plaintiff's Calm Radio division of Defendant's services.

59.    As a direct and proximate result of Defendant's infringing activities, Plaintiff has been, is now, and will be irreparably injured and damaged, and unless Defendant is enjoined by the Court, Plaintiff will suffer further harm to its mark, reputation, and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

60.    Defendant's trade dress infringement will also continue to cause irreparable harm if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for the harm being caused to Plaintiff, particularly with respect to the loss of Plaintiff's goodwill and market share due to Defendant's infringement. Plaintiff is therefore entitled to and seeks injunctive relief.

61.    On information and belief, Defendant has acted willfully and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a) in this exceptional case.

**FOURTH CAUSE OF ACTION**
**Common Law Trademark Infringement**

62.    Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

63.    Plaintiff owns and enjoys valid, enforceable, and fully subsisting common law trademark rights in Plaintiff's CALM Marks in California and throughout the United States.

64.    Defendant, through the conduct and violations described above, is engaging in trademark infringement and unfair competition against Plaintiff under California common law.

65.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has and will be irreparably injured and damaged, and unless Defendant is enjoined by the Court, Plaintiff will suffer further harm to its mark, reputation, and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

66.    On information and belief, Defendant has acted willfully.

## FIFTH CAUSE OF ACTION
### Unlawful, Unfair, and Fraudulent Business Practices
### California Business & Professions Code § 17200

67.     Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

68.     Defendant's conduct, described above, constitutes unlawful, unfair, or fraudulent business acts or practices and as such constitutes unfair competition under California Business & Professions Code §§ 17200 *et seq*.

69.     Defendant's conduct constitutes unlawful and unfair business acts or practices in that Defendant has engaged in unfair competition through using a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.     Plaintiff's continuous use of its CALM RADIO and CALM marks since at least 2009 in connection with its music streaming services, both in Canada and the United States, has created significant value in those marks.  On information and belief, Plaintiff's investment in Plaintiff's CALM Marks has been damaged as a result of Defendant's use of Defendant's confusingly similar CALM Marks because Plaintiff's CALM Marks no longer serve to uniquely identify Plaintiff's Calm Radio division as the source of services offered in connection with Plaintiff's CALM Marks.

71.     Defendant's use of Defendant's CALM Marks will permit Defendant to capitalize on Plaintiff's success, goodwill, and reputation in promoting its goods and services. Further, Defendant's infringing use of the CALM marks has harmed and is likely to continue to harm Plaintiff by diverting business from Plaintiff to Defendant and by discouraging or frustrating potential users of Plaintiff's Calm Radio division's services from being able to consume those services.  This harm includes, but is not limited to, loss of customers, sales, revenues, market share, and brand equity. Defendant's conduct has also deprived Plaintiff of value that rightfully belongs to Plaintiff through loss of goodwill and undermining the value of Plaintiff's CALM Marks and their ability to uniquely identify Plaintiff's Calm Radio services.

72.     As a direct and proximate result of Defendant's wrongful and unfair conduct, Plaintiff has been, is now, and will be irreparably injured and damaged, and unless Defendant is enjoined by

1  the Court, Plaintiff will suffer further harm to its marks, reputation, and goodwill. This harm

2  constitutes an injury for which Plaintiff has no adequate remedy at law.

3         73.     On information and belief, Defendant has acted willfully.

## SIXTH CAUSE OF ACTION
### Deceptive, False, and Misleading Advertising
### California Business & Professions Code § 17500

6         74.     Plaintiff incorporates by reference and realleges all previous paragraphs as though

7  fully set forth herein.

8         75.     Defendant's conduct, described above, constitutes false and misleading advertising

9  under California Business & Professions Code §§ 17500 *et seq*.

10        76.     Plaintiff has valid and protectable rights in Plaintiff's CALM Marks that predate

11  Defendant's first use of Defendant's CALM Marks.

12        77.     Plaintiff has not authorized Defendant to use Plaintiff's CALM Marks in connection

13  with the promotion of Defendant's goods and services.

14        78.     Defendant's unauthorized use of Defendant's CALM Marks is likely to cause

15  consumers to believe that there is a relationship between Defendant and Plaintiff's Calm Radio

16  division and/or that Defendant's products and services are associated with or come from Plaintiff's

17  Calm Radio division, and/or vice versa, when they do not, and such association constitutes false and

18  misleading advertising in violation of California Business & Professions Code §§ 17500 *et seq*.

19        79.     Plaintiff's continuous use of its CALM RADIO and CALM marks since at least 2009

20  in connection with its music streaming services, both in Canada and the United States, has created

21  significant value in those marks. On information and belief, Plaintiff's investment in Plaintiff's

22  CALM Marks has been damaged as a result of Defendant's use of Defendant's confusingly similar

23  CALM Marks because Plaintiff's CALM Marks no longer serve to uniquely identify Plaintiff's

24  Calm Radio division as the source of services offered in connection with Plaintiff's CALM Marks.

25        80.     Defendant's use of Defendant's CALM Marks will permit Defendant to capitalize on

26  Plaintiff's success, goodwill, and reputation in promoting its goods and services. Further,

27  Defendant's false and misleading advertising has harmed and is likely to continue to harm Plaintiff

28  by diverting business from Plaintiff to Defendant and by discouraging or frustrating potential users

of Plaintiff's Calm Radio division's services from being able to consume those services. This harm includes, but is not limited to, loss of customers, sales, revenues, market share, and brand equity. Defendant's conduct has also deprived Plaintiff of value that rightfully belongs to Plaintiff through loss of goodwill and undermining the value of Plaintiff's CALM Marks and their ability to uniquely identify Plaintiff's Calm Radio services.

81.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged, and unless Defendant is enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

82.    On information and belief, Defendant has acted willfully.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Stingray Group respectfully requests that the Court enter judgment against Defendant Calm.com, Inc. as follows:

1.    Preliminarily and permanently enjoining Defendant, and all persons in active concert or participation with it, from directly or indirectly:

- using Defendant's CALM Marks, or any other mark, word, company name, trade name, brand name, or product name incorporating or confusingly similar to Plaintiff's CALM Marks;

- from representing by any means whatsoever, that Plaintiff and its goods and services are associated in any way with Defendant or Defendant's CALM Marks;

- from using Plaintiff's CALM mobile app trade dress or any confusingly similar trade dress;

- from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that Plaintiff's goods or services come from or are the products or services of Defendant, or are somehow sponsored by or associated with Defendant; and

FIRST AMENDED COMPLAINT

- from otherwise unfairly competing with Plaintiff or misappropriating Plaintiff's reputation and goodwill.

2.    Directing, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the cancellation of U.S. Trademark Registration Nos. 6000366, 5751634, 6337486, and 5666935 and any and all other federal registrations for the mark CALM or any mark consisting of, incorporating, or containing Plaintiff's CALM Marks or any confusingly similar variation owned or controlled by Defendant;

3.    Directing, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the abandonment with prejudice of any and all of Defendant's U.S. trademark applications to register the mark CALM or any mark consisting of, incorporating, or containing the CALM element or any confusingly similar variation to Plaintiff's CALM Marks;

4.    Ordering Defendant to deliver up for destruction all products, packaging, labels, wrappers, signs, prints, advertisements, electronic files, and other articles bearing the infringing Defendant's CALM Marks;

5.    Awarding Plaintiff its actual damages and Defendant's unjust and unlawful profits arising from Defendant's misconduct;

6.    Ordering restitution to Plaintiff for Defendant's unjust enrichment and unlawful gains to the detriment of Plaintiff;

7.    Awarding Plaintiff additional damages and profits of three times the actual damages and profits, together with attorneys' fees;

8.    Awarding exemplary damages in an amount to be determined by jury;

9.    Awarding Plaintiff its costs of suit, attorney's fees, and reasonable expenses in this exceptional case;

10.    Awarding pre-and post-judgment interest at the maximum rate allowable by the law; and

11.    Granting such other relief as the Court may deem just and equitable.

FIRST AMENDED COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff demands a trial by jury on all issues so triable.

3

4

Dated: May 19, 2022

WINSTON & STRAWN LLP

5

By:    */s/ Jennifer A. Golinveaux*

6

Jennifer A. Golinveaux
Diana Hughes Leiden

7

Irina V. Lyapis
Samantha Looker

8

Attorneys for Plaintiff
Stingray Group Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



Calm Help Center > Troubleshooting and How–To Guides > Using my Calm App with...

Search

Articles in this section                                                    ⌄

# Questions about Calm Radio



Layna Smith
4 days ago · Updated

Follow

Please note, this Help Center is for Calm the meditation app and website, and not Calm Radio.

**Calm.com is not associated with Calm Radio in any way. Purchasing a subscription for Calm Radio will not unlock content in the Calm app or on the Calm website.**

While both Calm and Calm Radio do provide a variety of music and nature sounds to listen to, the Calm app and website also includes a wide variety of other audio and video content options, including meditations, masterclasses, Sleep Stories, and more. You can learn more about what's available through Calm**here**.

Please see **https://calmradio.com/en/support** for help with Calm Radio.





Was this article helpful?

✓ Yes        ✕ No

27 out of 30 found this helpful

7/22/2020                                Questions about Calm Radio – Calm Help Center

Have more questions? Submit a request

Return to top ⊕

___

**Related articles**

Is Calm available on Google Home, Apple HomePod, Sonos, Alexa, or Amazon Echo?

Amazon Kindle

Contact Us

Free resources for this uncertain time

Getting sleepy

___

# Comments

0 comments

___

Article is closed for comments.

___

Calm Help Center                                               English (US) ⌄

# EXHIBIT B



**From:** ASN <AppStoreNotices@apple.com>
**Date:** Monday, February 28, 2022 at 2:44 PM
**To:** Eric Harry <eric@calmradio.com>, Calm Radio Admin <admin@calmradio.com>, Wayne Seifried <wayne@calmradio.com>, Jeff Graville <jeff@calmradio.com>, Simon Harry <simon@calmradio.com>, klitvinov@briskmobile.com <klitvinov@briskmobile.com>, deckyfrombgd@gmail.com <deckyfrombgd@gmail.com>, admin@ehmusic.com <admin@ehmusic.com>, kirill.litvinov@geeksforless.com <kirill.litvinov@geeksforless.com>, Élisabeth Cournoyer <ecournoyer@stingray.com>, Justine Perron-Mongeau <jperron@stingray.com>, Marie Reghem <mreghem@stingray.com>, Pierre-Jean Lavigne <pjlavigne@stingray.com>, Rafael Bifano <rbifano@stingray.com>, Serhii Sychevyi <ssychevyi@stingray.com>, Neil Ivess <nivess@stingray.com>, Alexandre Lavallée <alavallee@stingray.com>, Lucille Kerysaouen <lkerysaouen@stingray.com>
**Cc:** ip@calm.com <ip@calm.com>
**Subject:** Apple Inc. (our ref# APP158477) Notice of Complaint

Dear Sir or Madam,

**Please include APP158477 in the subject line of any future correspondence on this matter.**

On 2/16/2022, we received a notice from Calm.com, Inc. ("Complainant") that Complainant believes the app listed below infringes its intellectual property rights.  In particular, Complainant believes you are infringing its trademark and copyright.  Please see their comments below.

Developer: Calm Radio
Provider: Calm Radio

Comments: Calm.com, Inc. ("Calm") is a meditation, sleep, and relaxation software application available for download on the Apple App Store (the "Calm App"). The Calm App is currently the #2 app on the Apple App store in the Health &amp; Fitness category, was the Apple 2017 App of the Year, an Apple Best of 2018 Award Winner, and has over 1.4 million ratings on the Apple App store.

Calm owns registered trademarks for the following word marks: CALM in the U.S. (Reg. No. 6000366) and the U.K. (Reg. No. 3471000) – and the following design marks – CALM Stylized (B&amp;W) in the U.S. (Reg. No. 5751634) and E.U. (Reg. No. 13876974) (together, the "Calm B&amp;W Design Mark") and CALM Stylized (Color) in the U.S. (Reg. No. 5666935) and E.U. (Reg. No. 13876941) (together, the "Calm Color Design Mark"), which together cover a variety of goods and services including music and other audio recordings and software applications in the fields of entertainment, meditation, relaxation, sleep assistance, and anxiety.

"Calm Radio," an app offering significantly similar content ("calming sounds, sleep music, sleep sounds, sleep stories, guided meditations, and meditation music") is making unauthorized use of a mark that is essentially identical and therefore confusingly similar to trademark and trade dress protections that Calm has in its Calm Color Design Mark, in the name, design, imagery, branding, layout and color of its application icon (notably using "Calm" rather than "Calm Radio," and adopting Calm's white, centered font on a teal/blue gradient background), previews, and screenshots in the Apple App Store, and in Calm's other registered word mark "CALM" and the Calm B&amp;W Design Mark. This infringement is immediately apparent when comparing Calm Radio's iPhone app icon (which includes the word "CALM" and omits the word "RADIO") to Calm's iPhone app icon, which is clearly protected by Calm's Color Word Mark. Calm Radio's unauthorized use of a mark that is identical and in any event confusingly similar to the Calm Color Design Mark, Calm's registered trademark in the word mark, "CALM," and the Calm B&amp;W Design Mark for the identical purpose as Calm's protected use constitutes trademark infringement and suggests affiliation, sponsorship or endorsement by Calm, infringing on the goodwill that Calm has spent significant time and effort developing in these marks in the relaxation and meditation software application space.

To remove any likelihood of trademark confusion, we ask that Calm Radio change its application icon, previews, and screenshots so that they no longer infringe on the Calm Color Design Mark, the Calm B&amp;W Design Mark and Calm's registered trademark in the word mark, "CALM."
Trademarks: U.S. 6000366, 5666935, &amp; 5751634; E.U. 1387694 &amp; 13876941
-

You can reach Complainant through Caitlin Brady (email: ip@calm.com), copied on this email.  Please exchange correspondence directly with Complainant.

We look forward to receiving written assurance that your application does not infringe Complainant's rights, or that the parties are taking steps to promptly resolve the matter.  Please keep us apprised of your progress.

Please note that during the course of this matter:

1.  Correspondence to Apple must include the reference number noted above in the subject line and copy the other party.  All correspondence sent to Apple may be shared with the other party.

2.  Written assurance of rights may include confirmation that your application does not infringe Complainant's rights, an express authorization from Complainant, or other evidence acceptable to Apple, and should include documentation wherever possible.

3.  Should you choose to remove your application (for example, while you make any necessary changes), visit App Store Connect at https://appstoreconnect.apple.com and access your app in the Manage Your Application module.

- Click on the "Pricing and Availability" tab from the App  Summary Page and select "Edit" by "Availability"
- Select and deselect "All" territories to uncheck all App Store territories
- Click on the "Done" button

4.  Developers with a history of allegations of repeat infringement, or those who misrepresent facts to Apple and/or the Complainant are at risk of termination from the Developer Program.

5.  Failure to respond to the Complainant or to take steps toward resolving a dispute may lead to removal of the app(s) at issue as in violation of the App Store Review Guidelines and/or the iOS Developer Program License Agreement.  Please keep Apple apprised of your progress.

Thank you for your immediate attention.

Sincerely,

Allie

  Apple Legal | Apple | One Apple Park Way Cupertino, CA 95014 | mailto:AppStoreNotices@apple.com
The information in this e-mail and any attachment(s) is intended solely for the personal and confidential use of the designated recipients.  This message may be an attorney-client communication protected by privilege.  If you are not the intended recipient, you may not review, use, copy, forward, or otherwise disseminate this message.  Please notify us of the transmission error by reply e-mail and delete all copies of the message and any attachment(s) from your systems.  The use of the sender's name in this message is not intended as an electronic signature under any applicable law.  Thank you.



**From:** ASN <AppStoreNotices@apple.com>
**Date:** Monday, February 28, 2022 at 2:44 PM
**To:** Eric Harry <eric@calmradio.com>, Calm Radio Admin <admin@calmradio.com>, Wayne Seifried <wayne@calmradio.com>, Jeff Graville <jeff@calmradio.com>, Simon Harry <simon@calmradio.com>, klitvinov@briskmobile.com <klitvinov@briskmobile.com>, deckyfrombgd@gmail.com <deckyfrombgd@gmail.com>, admin@ehmusic.com <admin@ehmusic.com>, kirill.litvinov@geeksforless.com <kirill.litvinov@geeksforless.com>, Élisabeth Cournoyer <ecournoyer@stingray.com>, Justine Perron-Mongeau <jperron@stingray.com>, Marie Reghem <mreghem@stingray.com>, Pierre-Jean Lavigne <pjlavigne@stingray.com>, Rafael Bifano <rbifano@stingray.com>, Serhii Sychevyi <ssychevyi@stingray.com>, Neil Ivess <nivess@stingray.com>, Alexandre Lavallée <alavallee@stingray.com>, Lucille Kerysaouen <lkerysaouen@stingray.com>
**Cc:** ip@calm.com <ip@calm.com>
**Subject:** Apple Inc. (our ref# APP158477) Notice of Complaint

Dear Sir or Madam,

**Please include APP158477 in the subject line of any future correspondence on this matter.**

On 2/16/2022, we received a notice from Calm.com, Inc. ("Complainant") that Complainant believes the app listed below infringes its intellectual property rights.  In particular, Complainant believes you are infringing its trademark and copyright.  Please see their comments below.

Developer: Calm Radio
Provider: Calm Radio
App Title: Calm Radio: Music to Relax

Comments: Calm.com, Inc. ("Calm") is a meditation, sleep, and relaxation software application available for download on the Apple App Store (the "Calm App"). The Calm App is currently the #2 app on the Apple App store in the Health &amp; Fitness category, was the Apple 2017 App of the Year, an Apple Best of 2018 Award Winner, and has over 1.4 million ratings on the Apple App store.

Calm owns registered trademarks for the following word marks: CALM in the U.S. (Reg. No. 6000366) and the U.K. (Reg. No. 3471000) – and the following design marks – CALM Stylized (B&amp;W) in the U.S. (Reg. No. 5751634) and E.U. (Reg. No. 13876974) (together, the "Calm B&amp;W Design Mark") and CALM Stylized (Color) in the U.S. (Reg. No. 5666935) and E.U. (Reg. No. 13876941) (together, the "Calm Color Design Mark"), which together cover a variety of goods and services including music and other audio recordings and software applications in the fields of entertainment, meditation, relaxation, sleep assistance, and anxiety.

"Calm Radio," an app offering significantly similar content ("calming sounds, sleep music, sleep sounds, sleep stories, guided meditations, and meditation music") is making unauthorized use of a mark that is essentially identical and therefore confusingly similar to trademark and trade dress protections that Calm has in its Calm Color Design Mark, in the name, design, imagery, branding, layout and color of its application icon (notably using "Calm" rather than "Calm Radio," and adopting Calm's white, centered font on a teal/blue gradient background), previews, and screenshots in the Apple App Store, and in Calm's other registered word mark "CALM" and the Calm B&amp;W Design Mark. This infringement is immediately apparent when comparing Calm Radio's iPhone app icon (which includes the word "CALM" and omits the word "RADIO") to Calm's iPhone app icon, which is clearly protected by Calm's Color Word Mark. Calm Radio's unauthorized use of a mark that is identical and in any event confusingly similar to the Calm Color Design Mark, Calm's registered trademark in the word mark, "CALM," and the Calm B&amp;W Design Mark for the identical purpose as Calm's protected use constitutes trademark infringement and suggests affiliation, sponsorship or endorsement by Calm, infringing on the goodwill that Calm has spent significant time and effort developing in these marks in the relaxation and meditation software application space.

To remove any likelihood of trademark confusion, we ask that Calm Radio change its application icon, previews, and screenshots so that they no longer infringe on the Calm Color Design Mark, the Calm B&amp;W Design Mark and Calm's registered trademark in the word mark, "CALM."
Trademarks: U.S. 6000366, 5666935, &amp; 5751634; E.U. 1387694 &amp; 13876941
-

You can reach Complainant through Caitlin Brady (email: ip@calm.com), copied on this email.  Please exchange correspondence directly with Complainant.

We look forward to receiving written assurance that your application does not infringe Complainant's rights, or that the parties are taking steps to promptly resolve the matter.  Please keep us apprised of your progress.

Please note that during the course of this matter:

1.  Correspondence to Apple must include the reference number noted above in the subject line and copy the other party.  All correspondence sent to Apple may be shared with the other party.

2.  Written assurance of rights may include confirmation that your application does not infringe Complainant's rights, an express authorization from Complainant, or other evidence acceptable to Apple, and should include documentation wherever possible.

3.  Should you choose to remove your application (for example, while you make any necessary changes), visit App Store Connect at https://appstoreconnect.apple.com and access your app in the Manage Your Application module.

- Select and deselect "All" territories to uncheck all App Store territories
- Click on the "Done" button

4.  Developers with a history of allegations of repeat infringement, or those who misrepresent facts to Apple and/or the Complainant are at risk of termination from the Developer Program.

5.  Failure to respond to the Complainant or to take steps toward resolving a dispute may lead to removal of the app(s) at issue as in violation of the App Store Review Guidelines and/or the iOS Developer Program License Agreement.  Please keep Apple apprised of your progress.

Thank you for your immediate attention.

Sincerely,

Allie

Apple Legal | Apple | One Apple Park Way Cupertino, CA 95014 | mailto:AppStoreNotices@apple.com
The information in this e-mail and any attachment(s) is intended solely for the personal and confidential use of the designated recipients.  This message may be an attorney-client communication protected by privilege.  If you are not the intended recipient, you may not review, use, copy, forward, or otherwise disseminate this message.  Please notify us of the transmission error by reply e-mail and delete all copies of the message and any attachment(s) from your systems.  The use of the sender's name in this message is not intended as an electronic signature under any applicable law.  Thank you.



**From:** Google Play Support <no-reply-googleplay-developer@google.com>
**Date:** Thursday, March 3, 2022 at 4:24 PM
**To:** calmradiocorp@gmail.com <calmradiocorp@gmail.com>
**Cc:** Eric Harry <eric@calmradio.com>
**Subject:** Notification from Google Play about CalmRadio.com - Relaxing Music



Developer update

Hi Developers at calmradio,

Google has received a complaint that your app CalmRadio.com - Relaxing Music (com.calmradio) may not be compliant with one or more of our Developer Program Policies.  We have attached a copy of the original notice we received for your reference.



## Issue: Violation of Trademark Infringement policy

We don't allow apps that infringe on others' trademarks. A trademark is a word, symbol, or combination that identifies the source of a good or service. Once acquired, a trademark gives the owner exclusive rights to the trademark usage with respect to certain goods or services.

We encourage you to resolve this matter with the complainant directly. If you are unable to resolve this issue with the complainant, we may need to remove your app from the Google Play store. If you have any further concerns about this issue, please address them directly to the complainant in the Trademark Infringement Notice provided.

If you've reviewed the policy and feel our decision may have been in error, please contact us via our appeal form (do not reply to this notification as this alias is not monitored).

## The Google Play Team

Text Copy of complaint:

Contact Person:
Caitlin Brady

Title:

Company Name:
Calm.com, Inc.

Contact Email:
ip@calm.com

Relationship:
Strategic Project and Risk Specialist on Calm's Legal Team, responsible for monitoring IP infringement

Phone Number:

Clarifications:

Calm.com, Inc. ("Calm") is a sleep, music & relaxation software app available for download on the Google Play Store ("Calm App"). "Calm Radio," an app offering significantly similar content, is making unauthorized use of an essentially identical & confusingly similar mark to Calm's trademark protections. This infringement is apparent in comparing Calm Radio's app icon (which includes the word "CALM" & omits the word "RADIO") to Calm's app icon, which is protected by Calm's Color Word Mark. Calm Radio's unauthorized use of an identical & confusingly similar mark to the Calm's Color Design Mark, "CALM" word mark & B&W Design Mark for the identical purpose as Calm constitutes trademark infringement & suggests affiliation, sponsorship or endorsement by Calm, infringing on the goodwill that Calm has spent significant time & effort developing. To remove any likelihood of confusion, we ask that Calm Radio change its app icon, previews & screenshots to cease all use of Calm's registered marks.

Trademarks:

CALM U.S. (Reg. No. 6000366), United States, CALM - U.S. (Reg. No. 6000366); CALM Stylized (B&W) (the "Calm B&W Word Mark"), United Kingdom, CALM - U.K. (Reg. No. 3471000); CALM Stylized (Color) (the "Calm Color Word Mark"), European Union, CALM Stylized (B&W) - U.S. (Reg. No. 5751634); , CALM Stylized (B&W) - E.U. (Reg. No. 13876974); , CALM Stylized (Color) - U.S. (Reg. No. 5666935); , CALM Stylized (Color) - E.U. (Reg. No. 13876941)

© 2021 Google LLC 1600 Amphitheatre Parkway, Mountain View, CA 94043

Update your marketing preferences to receive the latest news and tips.

You have received this mandatory email service announcement to update you about important changes to your Google Play Developer account.