JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
SHANNON E. TURNER (CSB No. 310121)
sturner@fenwick.com
ESTHER D. GALAN (CSB No. 335763)
egalan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

*Counsel for Defendant and Counterclaimant*
CALM.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STINGRAY GROUP INC., a Canadian corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>CALM.COM, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 3:22-cv-01708-VC<br><br>**DEFENDANT AND COUNTERCLAIMANT CALM.COM, INC.'S AMENDED ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>JUDGE:      Hon. Vince Chhabria |
| CALM.COM, INC., a Delaware corporation,<br><br>        Counterclaimant,<br><br>   v.<br><br>STINGRAY GROUP INC., a Canadian corporation,<br><br>        Counter-Defendant. | |

## COUNTERCLAIMS

### INTRODUCTION

1.      This is a trademark dispute between Plaintiff Stingray Group Inc., which recently acquired Calm Radio, a Canadian Internet radio company, and Defendant Calm.com, Inc. ("Calm"), provider of the well-known Calm meditation and wellness app.  In its affirmative claims, Stingray now accuses Calm of infringing Stingray's rights in the CALM RADIO mark.

2.      Calm has offered guided meditation and wellness content since its founding, and today it offers the leading app for meditation and sleep.  Millions of subscribers turn to Calm to reduce stress and anxiety, improve focus, and improve sleep quality.

3.      For more than a decade, Plaintiff and Calm co-existed.  Plaintiff concedes that it had actual knowledge of Calm by at least 2013 or 2014.  Rather than raise any concerns then, or when it received customer inquiries about Calm over the years, Plaintiff waited, all the while watching Calm's success.

4.      Over the last decade, Plaintiff stood by and watched as Calm invested and grew its business and successful CALM brand, winning awards, accolades, a strong customer base, and enormous goodwill.

5.      Witnessing Calm's success—and unable to gain much on its own—Plaintiff approached Calm in 2018 about a business deal, hoping that Calm's success could bolster Plaintiff's flailing Internet radio business.  After Calm rejected that overture, Plaintiff decided to ride on Calm's coattails through other means.  Moving away from its radio business, Plaintiff launched new services, like guided meditation, that had long been at the core of Calm's business.  Plaintiff changed its app icon to look more like Calm's.  It even copied Calm's "Sleep Stories" trademark for new sleep-related content.

6.      After Calm raised concerns, Plaintiff abruptly launched this landgrab lawsuit.

7.      Recently, however, Plaintiff took its strategy of copying Calm a step further.  On January 23, 2023—less than one month before the fact discovery deadline in this case—Plaintiff brazenly launched a meditation and wellness offering it named CalmLIFE to directly compete with

Calm's CALM-branded meditation and wellness goods and services. Two days later, on January 25, 2023, Plaintiff applied to register a CALMLIFE trademark.

8.      The CalmLIFE app purportedly offers meditation, sleep, and nature videos—content that has long been at the core of Calm's CALM-branded offerings, long before Plaintiff offered anything other than Internet radio services.

9.      Plaintiff's copycat product is designed to reap the benefits of Calm's intellectual property and goodwill. Given this recent development, Calm brings these counterclaims to protect its valuable brand, its reputation, and its customers from Plaintiff's willful infringement, and to prevent any further encroachment on Calm's well-established trademark rights.

## THE PARTIES

10.     Stingray Group Inc. is a corporation incorporated under the federal laws of Canada, with its principal place of business in Montreal, Canada. Calm Radio Corp. was a corporation incorporated under the laws of the Province of Ontario, Canada, with its principal place of business in Toronto, Canada. Stingray acquired Calm Radio Corp. in 2021. Calm Radio continues to operate as a business division within Stingray.

11.     Calm is a Delaware corporation.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), 28 U.S.C. § 1338(b) (unfair competition), and 28 U.S.C. § 1367 (supplemental jurisdiction).

13.     The Court has personal jurisdiction over Plaintiff because, among other things, it has purposefully availed itself of the privilege of conducting its litigation business against Calm in this district, and its infringing conduct targets consumers in this district.

14.     Venue in this district is proper for these counterclaims against Plaintiff under 28 U.S.C. §§ 1391(b).

**FACTUAL ALLEGATIONS**

I.    **The Parties and Their Trademarks.**

    **A. Calm**

15.    Calm launched and began using its CALM mark on the Calm.com website in October 2011.  Today, Calm offers a suite of goods and services under its CALM and CALM-formative marks, including the popular Calm meditation and wellness app.

16.    Calm's Calm app is available to download direct to consumers through multiple channels.  A version of the Calm app is available to download on mobile phones, tablets, and smart devices through multiple distribution channels, including from the Google Play Store, iOS App Store, Mac App Store, Apple Watch App Store, Sonos App Store, Huawei App Gallery, and through the Samsung Health App.  A version of the Calm app is also available on televisions, including through the Apple TV App Store and on select Samsung TVs.

17.    Calm owns numerous U.S. trademark registrations for the CALM mark, which it has used continuously in commerce since at least October 2011.

18.    Calm owns U.S. Trademark Registration No. 6000366, issued on March 3, 2020, for the mark CALM for use in connection with "[d]ownloadable mobile applications for relaxation, meditation, promoting sleep, promoting wellbeing, promoting focus in the field of mindfulness; Downloadable mobile applications for monitoring and recording self-reflections; downloadable audio files in the nature of short stories and mindfulness guidance; downloadable videos in the field of mindfulness; downloadable virtual reality software featuring meditation techniques, meditation scenes and audio content in the nature of mindfulness guidance and background sounds," "[p]roviding a website featuring information in the field of mindfulness training; entertainment in the nature of prerecorded inspirational, sleep-promoting, focus-promoting, relaxation-promoting and mindfulness messages on-line and in mobile wireless form; entertainment services, namely, providing images and text in the field of inspirational, sleep-promoting, focus-promoting, relaxation-promoting and mindfulness on-line and in mobile wireless form; entertainment services, namely, providing online non-downloadable auditory works in the

field of mindfulness; providing voice overs for recorded media for entertainment and education purposes; providing temporary use of non-downloadable mobile application software for accessing video classes in the field of mindfulness; providing online non-downloadable video classes in the field of mindfulness," "[p]roviding temporary use of non-downloadable mobile application software for accessing video classes in the field of mindfulness," and "[p]roviding a website featuring wellness information about mindfulness, sleep, focus and relaxation." A copy of U.S. Trademark Registration No. 6000366 is attached as Exhibit A.

19.    Calm owns U.S. Trademark Registration No. 5751634, issued on May 14, 2019, for the mark Calm for use in connection with "[d]ownloadable software and mobile applications featuring information, advice, training programmes, activity programmes, audio books, texts, articles, messages, inspirational quotations, images, photographs, moving images, graphic works, musical recordings, sound recordings, videos, audio-visual recordings, games, multimedia files in the field of meditation and mindfulness; downloadable software and mobile applications for use in meditation and meditation training, "[p]roviding a website featuring information, advice, non-downloadable articles, texts, messages, images, quotations, and information in the field of meditation and mindfulness training," and "providing a website featuring information, advice, in the field of health and wellness, featuring meditation and mindfulness." A copy of U.S. Trademark Registration No. 5751634 is attached as Exhibit B.

20.    Calm owns U.S. Trademark Registration No. 5666935, issued on January 29, 2019, for the mark Calm for use in connection with "[d]ownloadable software and mobile applications featuring information, advice, training programmes, activity programmes, audio books, texts, articles, messages, inspirational quotations, images, photographs, moving images, graphic works, musical recordings, sound recordings, videos, audio-visual recordings, games, multimedia files in the field of meditation and mindfulness; downloadable software and mobile applications for use in meditation and meditation training," "[p]roviding a website featuring information, advice, non-downloadable articles, texts, messages, images, quotations, and information in the field of meditation and mindfulness training," and "providing a website featuring information, advice, in

the field of health and wellness, featuring meditation and mindfulness." A copy of U.S. Trademark Registration No. 5666935 is attached as Exhibit C.

21.    Calm owns numerous U.S. trademark registrations for the DAILY CALM mark, which it has used continuously in commerce since at least October 2016.

22.    Calm owns U.S. Trademark Registration No. 6043199, issued on April 28, 2020, for the mark DAILY CALM for use in connection with "[p]rovision of information and advice; provision of a website featuring information, advice, and hyperlinks in the field of health and wellness; provision of a website featuring wellness information, advice, and hyperlinks in the field of meditation and mindfulness; providing wellness information and consulting services relating to all the aforesaid services." A copy of U.S. Trademark Registration No. 6043199 is attached as Exhibit D.

23.    Calm owns U.S. Trademark Registration No. 5741608, issued on April 30, 2019, for the mark DAILY CALM for use in connection with "[d]ownloadable sound recordings, audio-visual recordings in the field of meditation and mindfulness" and "[p]rovision of information in the field of therapies utilizing meditation and mindfulness, offered for mental health and wellness purposes for the mind, body, and spirit by means of a global computer network." A copy of U.S. Trademark Registration No. 5741608 is attached as Exhibit E.

24.    Calm owns numerous U.S. trademark registrations for the SLEEP STORIES mark, which it has used continuously in commerce since at least October 2016.

25.    Calm is the owner of U.S. Trademark Registration No. 5829993, issued on August 6, 2019, for the mark SLEEP STORIES for use in connection with "[c]omputer software, programmes and mobile applications for the accessing, streaming, subscribing to, searching, purchasing, sending, sharing, recommending, downloading, accessing, storing, reviewing of and listening to literary and auditory works; application software for mobile telephones, smart phones, computer tablets, personal digital assistants, hand-held computers, laptops and notebook computers that enables consumers to listen to literary and auditory works in the fields of relaxation, meditation, mindfulness and well-being; downloadable multimedia files containing still and

moving images, photographs, graphics, music, sound, audio and/or visual recordings, instructional materials and resources, calendars, or a combination thereof, in the field of literary and auditory works, fictional stories, fictional characters and settings, the aforementioned in the field of relaxation, meditation, mindfulness and well-being; downloadable webcasts, podcasts and audio books in the field of fiction, novels and short stories, the aforementioned in the field of relaxation, meditation, mindfulness and well-being, the aforementioned files also downloadable from the Internet; recorded and downloadable electronic publications, namely, fiction books, non-fiction books, reference books, audio books, instructional and teaching materials in the field of literary and auditory works in the field of relaxation, meditation, mindfulness and well-being; downloadable audio books in the field of literary and auditory works in the field of relaxation, meditation, mindfulness and well-being; computer software and mobile applications for accessing, creating, integrating, browsing and searching databases of auditory works," "[p]roviding an on-line searchable database featuring fictional works, novels, books, stories, and short stories on a variety of topics," "[s]treaming of audio, visual and other multimedia works via the Internet or other computer or communications network; streaming of audio recordings of novels, series of fiction and non-fiction books on a variety of topics; streaming of audio recordings of a series of fictional short stories over the Internet; streaming of audio recordings of story books; telecommunications services, namely, electronic transmission of streamed audio, visual and other multimedia works via the Internet or other computer or communications networks; telecommunications services, namely, electronic transmission of audio, visual and other multimedia works via the Internet or other computer or communications network; telecommunications services, namely, transmission of data in video and audio format via the Internet or other computer or communications network; telecommunications services, namely, electronic transmission of data in video and audio format via the Internet or other communications network; telecommunications services, namely, electronic transmission of audio recordings of literary and auditory works, fictional works, novels, books, stories, short stories, stories in illustrated form, magazines, newspapers, periodicals, newsletters, journals, and manuals on a

variety of topics over the Internet; telecommunications services, namely, electronic transmission of audio recordings of literary and auditory works, fictional works, novels, books, stories, short stories, stories in illustrated form, magazines, newspapers, periodicals, newsletters, journals, and manuals on a variety of topics; providing access to databases; communication services, namely, providing electronic transmission of information stored in a database via interactively communicating computer systems," and "[e]ntertainment services in the nature of the development, creation, production and post-production services of multimedia entertainment content; providing voice overs for tapes, records and other recorded media for entertainment purposes; providing online publications in the nature of literary and auditory works in the nature of books and articles in the fields of relaxation, meditation, mindfulness and well-being; providing information and commentary in the field of entertainment and education via a global computer network; providing a website that features temporary use of online non-downloadable literary works, auditory works, novels, books and fictional stories in the field of relaxation, meditation, mindfulness and well-being; Publishing of audio books and music; publication of auditory works and fictional works on a variety of topics, not including advertising texts; providing a website featuring entertainment information regarding literary works, auditory works, literary writing, narration, novels, books, authors, narrators, publishers and fictional stories; providing an on-line searchable computer database featuring entertainment information regarding literary works, auditory works, novels, books, authors, narrators, publishers and fictional stories; production of audio recordings; audio production services, namely, creating and producing audio recordings of fictional works, namely, novels, books, fictional stories and short stories on a variety of topics; providing entertainment information relating to literary and auditory works, fictional works, novels, books, stories, and short stories on a variety of topics; providing a website featuring a database of non-downloadable literary and auditory works, fictional works, novels, books, stories and short stories on a variety of topics; providing a website featuring a database of non-downloadable audio recordings of fictional works, novels, books, short stories, stories in illustrated form, on a variety of topics; providing an on-line searchable database featuring literary and

auditory works, fictional works, novels, books, stories and short stories on a variety of topics; providing an on-line searchable database featuring audio recordings of fictional works, novels, books, short stories, on a variety of topics; providing a website featuring a database of literary and auditory works, fictional works, novels, books, stories, and short stories on a variety of topics; providing a website featuring a database of audio recordings of fictional works, novels, books, short stories, on a variety of topic." A copy of U.S. Trademark Registration No. 5829993 is attached as Exhibit F.

      26.     Calm is the owner of U.S. Trademark Registration No. 5802006, issued on July 9, 2019, for the mark SLEEP STORIES for use in connection with "[a] series of downloadable fiction and non-fiction books on a variety of topics; downloadable series of fictional short stories in the field of relaxation, meditation, mindfulness and well being; downloadable story books on a wide variety of topics; downloadable streamable audio recordings of novels and a series of fiction and non-fiction books on a variety of topics, the aforementioned streamable over the Internet; streamable downloadable series of fictional short stories on a wide variety of topics, the aforementioned streamable over the Internet; streamable downloadable audio recordings of story books, the aforementioned streamable over the Internet; downloadable multimedia files featuring literary and auditory works in the field of relaxation, meditation, mindfulness, and wellbeing and narratives to accompany electronically, magnetically or optically recorded audio of literary and auditory works in the field of relaxation, meditation, mindfulness and well-being; downloadable electronic fiction books, non-fiction books in the field of literary and auditory works in the field of relaxation, meditation, mindfulness and well-being," "[p]roviding an on-line searchable database featuring literary and auditory works on a variety of topics," and "[e]ntertainment services, namely, providing online non-downloadable literary and auditory works in the nature of books in the fields of relaxation, meditation mindfulness and well-being; providing online non-downloadable pre-recorded entertainment services, namely, providing online non-downloadable pre-recorded audio, visual and other multimedia works, namely, literary and auditory works in the

field of relaxation, meditation, mindfulness and well being." A copy of U.S. Trademark Registration No. 5802006 is attached as Exhibit G.

27. These registrations reflect Calm's exclusive right to use its CALM, DAILY CALM, and SLEEP STORIES brands in connection with its goods and services.

28. Calm has also extensively used additional CALM-formative trademarks in connection with its offerings, including FIND YOUR CALM, CALM MASTERCLASS, CALM LIVE, CALM BODY, CALM HEALTH, CALM KIDS, and CALM SCIENCE.

29. Through its extensive use, Calm also owns common law trademark rights in the CALM name and mark, its family of CALM-formative trademarks, and its SLEEP STORIES mark, for all of the goods and services identified herein.

**B. Plaintiff's Calm Radio Division**

30. Calm Radio is an Internet radio service based in Toronto, Canada. Plaintiff Stingray Group recently acquired Calm Radio, which it operates as its Calm Radio division. Plaintiff owns no U.S. trademark registration for the mark CALM. Instead, it owns U.S. Trademark Reg. No. 5080280 for the CALM RADIO mark for "[c]omputer software for playing audio streaming transmissions of music that may be downloaded from a global computer network" and "[s]treaming of audio material on the Internet." Plaintiff claims to have first used its CALM RADIO mark in commerce on January 1, 2009. Plaintiff also claims common law trade dress rights in an "app icon" (that is, a button on a phone) featuring the color blue as a background on which the word "CALM" appears in white all-caps lettering.

**II. Calm's Founding and Launch.**

31. Calm's co-founder Alex Tew came up with the name "Calm" for a meditation and wellness service in the summer of 2009, long before Calm Radio existed. At that time, Mr. Tew reached out to the owner of the domain name calm.com to attempt to purchase the domain. Those negotiations stalled, but Mr. Tew was persistent. In July 2011, Michael Acton Smith, Mr. Tew's business partner, was able to purchase the calm.com domain. The Calm business launched a few

months later in October 2011, when it began offering meditation and mindfulness content. The business incorporated the next year, in May 2012.

### III.    Calm Radio's Knowledge of Calm.

32.    Plaintiff had knowledge of Calm at least as early as 2013 or 2014.

33.    In 2018, after watching Calm achieve success and substantial goodwill in its CALM brand, Plaintiff approached Calm—not to raise concerns about the brand, but to congratulate Calm on its success, and to explore whether Calm would *acquire* Calm Radio.

34.    When Calm declined to pursue business with Plaintiff, Eric Harry, the founder of Calm Radio, wished Calm success.

35.    Plaintiff reached out an additional time in November 2018, again wishing to pursue a business deal. Calm once again declined.

36.    Up until then, Calm Radio had offered what it called "different services" than Calm: Internet radio services, streaming jazz, classical, and other "calm" radio channels.

37.    Following Calm's decision not to acquire Plaintiff, however, Plaintiff sharply pivoted in the direction of Calm's well-established business. Plaintiff launched new services, like guided meditation, which had long been at the core of Calm's business. It changed its app to look more like Calm's. It also began referring to itself as "Calm." Further hoping to associate itself with Calm, Plaintiff even copied Calm's SLEEP STORIES trademark.

### IV.    Calm's Continuous Growth and Investment in its Brand.

38.    Hearing nothing further from Plaintiff after the business discussions broke off in July 2018, Calm continued to invest heavily in its CALM mark, just as it had before. Calm has continuously advertised and promoted its CALM brand since at least 2012.

39.    Today, millions of people subscribe to Calm's content available through its Calm app and on its website, and its Calm app has had more than 100 million downloads.

40.    Calm's Calm app is available to download direct to consumers through multiple channels. A version of the Calm app is available to download on mobile phones, tablets, and smart devices through multiple distribution channels, including from the Google Play Store, iOS App

Store, Mac App Store, Apple Watch App Store, Sonos App Store, Huawei App Gallery, and through the Samsung Health App.  A version of the Calm app is also available on televisions, including through the Apple TV App Store and on select Samsung TVs.

41.    In addition to its website and app offerings, Calm offers a variety of meditation, sleep, and wellness-related content under its CALM and CALM-formative marks through other distribution channels such as smart home devices like Amazon's Alexa device, in-flight content on certain airlines, and as a Calm MiniApp in Novotel hotels.

42.    While Plaintiff claims it was motivated to sue because of Calm's "recent" introduction of music, music is nothing new to Calm.  Its earliest website and meditation content featured music.  Indeed, Calm owns a trademark registration for the CALM mark in connection with music that it applied for in 2015.  For years, Calm has invested in its music offerings, including music performed by popular artists such as Ariana Grande, Katy Perry, Sam Smith, Kacey Musgraves, Shawn Mendes, Post Malone, Keith Urban, Moby, Ellie Goulding, deadmau5, Diplo, and Kygo.

43.    Calm has also continued to expand and cultivate its meditation, sleep, and wellness-related content available through its app, website, and other channels.

44.    This includes Calm's SLEEP STORIES-branded content, and content narrated by celebrities such as Kate Winslet, Matthew McConaughey, Lebron James, and Harry Styles.

45.    Building on the success of its Sleep Stories brand, Calm produced a television streaming series "A World of Calm" in 2020.  Calm's A World of Calm TV series, which is offered through the HBO Max app, includes ten half-hour episodes that take audiences on an immersive visual journey into another world with narration by iconic celebrities such as Keanu Reeves, Kate Winslet, Nicole Kidman, and more.

46.    As part of its core offerings, Calm also offers content on a daily basis, which it refers to as "dailies."  Calm first introduced dailies with the "Daily Calm" with Tamara Levitt, and has now expanded its dailies content to include the Daily Trip with Jeff Warren, the Daily Jay with

Jay Shetty, and the Daily Move with Mel Mah. Calm's dailies have been a huge part of its success and continue to be some of the best performing content on its app and website.

47.    Calm also offers movement related content as part of its offerings, including its Calm Body content on its website and app. Calm Body is a collection of approximately 10-minute sessions that guide users through mindful movement and gentle exercises.

48.    Calm has received numerous awards and recognition over the years for its innovative and well-respected products and services, including Apple's App of the Year 2017, Apple BEST OF 2018 award winner, Google Play Editor's Choice 2018, the "World's Happiest App" by the Center for Humane Technology, and one of Time Magazine's "Most Influential Companies of 2022."

49.    Throughout all of that, the CALM brand has been at the center of Calm's business and the symbol of its goodwill.

## V.    Plaintiff Launches Competing CalmLIFE Offering.

50.    Despite Plaintiff's longstanding knowledge of Calm and its trademark rights, and its more recent efforts to imitate Calm, its business, and its marks, Plaintiff now alleges that Calm's well-established use of its CALM mark infringes Plaintiff's marks. Ironically, Plaintiff complains about alleged consumer confusion that Calm Radio has willfully sought to cultivate and exploit for its own benefit.

51.    As described above, Plaintiff's Calm Radio app has focused on offering radio music services. Indeed, Calm Radio describes itself on its website as "Calm Radio; a relaxing music experience to increase focus, sleep better and reduce daily stress." A copy of the Calm Radio website landing page available at https://calmradio.com/ is attached as Exhibit H.

52.    On January 23, 2023, Plaintiff announced it was launching "CalmLIFE, a brand-new digital wellness resource to help viewers live better every day." A copy of Plaintiff's January 23, 2023 press release available at https://www.stingray.com/about-us/press-room/news-and-press-releases/stingray-calmlife is attached as Exhibit I.

53.     Plaintiff claims that its "brand-new" CalmLIFE offering will feature "a plethora of full-length 4K wellness assets, including meditation, sleep, and nature videos." *Id*.

54.     Plaintiff also claims that its new CalmLIFE offering "includes custom-narrated guided meditations with music and the largest collection of sleep videos loved by millions worldwide. The selection also features breathtaking and colorful landscapes, oceans, beaches, nature, and forests, with tranquil background music curated by wellness experts to create a relaxing ambiance for any room or office. Additionally, CalmLIFE has designed an extensive collection of effective sleep helpers, like Sleep Stories, Sleep Music, and the best sleep and nature sounds available on the market today." *Id*.

55.     On information and belief, Plaintiff's CalmLIFE offering is available as an app to Comcast and Cox cable subscribers.

56.     On information and belief, Plaintiff plans to release its CalmLIFE offering on Amazon.

57.     On information and belief, Plaintiff has been preparing to offer the CalmLIFE offering since at least July 2022.

58.     On January 25, 2023, Plaintiff filed a federal trademark application to register the CALMLIFE mark in the United States in connection with, among other things, "[p]roviding streaming audio and video, such as music, movies, radio programs, television shows, music videos, news and sports webcast via a global computer network; distribution of music materials accessible by means of television devices, mobile devices and Internet-connected devices; transmission, broadcasting and distribution of audio and video, such as music, movies, radio programs, television shows, music videos, news and sports webcast via television, wireless communication networks and a global computer network." According to its trademark application, Plaintiff is seeking a priority date of July 25, 2022 based on an application to register the CALMLIFE mark in Canada.

59.     Despite filing this lawsuit and engaging in discovery for nearly a year, during discovery Plaintiff never disclosed its plans to launch the CalmLIFE offering in the meditation and wellness space.

60.    Instead, in discovery, Plaintiff merely stated that it has "used the CalmLIFE mark in connection with articles and blog posts about music in the United States since 2018."  Calm is informed and believes and therefore alleges that before the recent launch of the CalmLIFE offering, Plaintiff's only use of the mark CalmLIFE had been in connection with a blog about music on the Calm Radio website.

61.    Plaintiff's CALMLIFE mark wholly incorporates and is virtually identical to Calm's well-known CALM trademark, adding to it only the non-distinctive word "LIFE."

62.    Plaintiff's new CalmLIFE offering is a significant departure from its original "Calm Radio" app, which was called Calm *Radio* and still fundamentally focused on music (as that name suggested).

63.    By contrast, Plaintiff's CalmLIFE offering is directly competitive to Calm's CALM-branded goods and services and has no obvious connection to Calm Radio.

64.    The CalmLIFE offering offers virtually the same meditation, wellness, sleep, and movement content that Calm has long offered in connection with its CALM-branded goods and services.  Plaintiff has even touted CalmLIFE as offering "Sleep Stories"—a mark owned by Calm. *See* Exhibit I.

65.    In addition to adopting a CALM-formative mark for its meditation and wellness offering—like Calm's CALM mark for its meditation and wellness products and offerings — Plaintiff has also blatantly copied other aspects of Calm's Calm app and website.

66.    For example, Plaintiff has adopted the tagline "Your daily wellness" in connection with its CalmLIFE offering:



67.    On information and belief, Plaintiff copied Calm's hugely successful dailies offered under its Daily Calm marks when it adopted its "daily wellness" tagline.

68.    Plaintiff has also touted movement as part of its CalmLIFE offerings.

69.    Calm has provided movement content for years, including through its Calm Body page available via its website and app.

70.    On information and belief, Plaintiff copied Calm's Calm Body offerings to design its own movement content.  Indeed, Plaintiff's website dedicated to its CalmLIFE offering links to an article using Calm's CALM BODY mark:



HEALTH AND WELLNESS

Calm Body, Calm Mind: How to Stretch Your Way to Better Health

The human body is designed for regular movement, but sitting down for prolonged hours has become the new norm for many. A few simple stretches...



A copy of the CalmLIFE website available at https://calmradio.com/calmlifetv is attached as Exhibit J.

71.    On information and belief, Plaintiff intends to use other infringing CALM-formative marks in connection with its meditation and wellness offerings that compete with Calm.

72.    Additionally, the CalmLIFE offering includes nature scenes set to guided meditation and music, something that Calm was doing when it first launched its calm.com website back in 2011.

73.    On information and belief, the intended types of consumers of the CalmLIFE offering are consumers who are seeking meditation and wellness products and services and/or assistance with peaceful sleep, the same types of consumers of Calm's suite of goods and services it offers under its CALM and CALM-formative marks.

74.    The CalmLIFE offering is also offered in the same channels of trade as Calm's goods and services.  Plaintiff offers its CalmLIFE offering as an app on television-based platforms. Calm offers the Calm app on television-based and other media platforms.  Calm's television series, A World of Calm, is also available on HBO Max, a streaming service available on television and other media platforms.

75.    On information and belief, Plaintiff has adopted the infringing CALMLIFE mark with the intent to usurp Calm's market share and customers, and to tradeoff of its longstanding goodwill among consumers.

76.    On information and belief, Plaintiff's adoption of the CALMLIFE mark is likely to cause, and already has caused, confusion among consumers as to the affiliation, sponsorship, or connection between Plaintiff's infringing CalmLIFE offering and Calm's CALM-branded goods and services.

77.    Calm has never licensed or otherwise authorized Plaintiff to use Calm's CALM marks, SLEEP STORIES mark, or any other mark containing the term CALM.

## FIRST CAUSE OF ACTION
### Federal Trademark Infringement
### Lanham Act § 32(1)(a); 15 U.S.C. § 1114(1)(a)

78.    Calm reincorporates by reference and realleges all previous paragraphs as though fully set forth herein.

79.    Calm owns valid and enforceable federal trademark registrations for the CALM and SLEEP STORIES marks.

80.    Calm has not authorized Plaintiff to use Calm's registered CALM or SLEEP STORIES marks, and Plaintiff's ongoing use of Calm's CALM and SLEEP STORIES marks has

resulted in Plaintiff unfairly and unlawfully benefiting from the goodwill embodied in the registered CALM and SLEEP STORIES marks.

81.     Plaintiff's unauthorized use and promotion of Plaintiff's CALMLIFE and SLEEP STORIES marks in commerce has caused and is likely to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and/or quality of the goods and services Plaintiff is promoting or offering under its CALMLIFE and SLEEP STORIES marks, constituting trademark infringement of Calm's CALM and SLEEP STORIES marks in violation of 15 U.S.C. § 1114.

82.     As a direct and proximate result of Plaintiff's wrongful conduct, Calm has been, is now, and will be irreparably injured and damaged, and unless Plaintiff is enjoined by the Court, Calm will suffer further harm to its marks, reputation, and goodwill.  This harm constitutes an injury for which Calm has no adequate remedy at law.

83.     On information and belief, Plaintiff has acted willfully to usurp Calm's rights and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a) in this exceptional case.

**SECOND CAUSE OF ACTION**
**False Designation of Origin**
**Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)**

84.     Calm reincorporates by reference and realleges all previous paragraphs as though fully set forth herein.

85.     In addition to its registered CALM and SLEEP STORIES marks, Calm owns and enjoys valid, enforceable, and fully subsisting common law rights in its CALM and SLEEP STORIES marks.

86.     Calm's valid and protectable rights in its CALM and SLEEP STORIES marks predate Plaintiff's first use of Plaintiff's CALMLIFE and SLEEP STORIES marks.

87.     On information and belief, Plaintiff has used Plaintiff's CALMLIFE and SLEEP STORIES marks in commerce in the United States in connection with the sale, offering for sale, distribution, and promotion of its goods and services.

88.    Plaintiff's use of Plaintiff's CALMLIFE and SLEEP STORIES in commerce constitutes false designation of origin, as it is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection, or association between Plaintiff and Calm, or as to the origin, sponsorship, or approval of Plaintiff's goods or services by Calm and vice versa.

89.    As a direct and proximate result of Plaintiff's wrongful conduct, Calm has been, is now, and will be irreparably injured and damaged, and unless Plaintiff is enjoined by the Court, Calm will suffer further harm to its mark, reputation, and goodwill.  This harm constitutes an injury for which Calm has no adequate remedy at law.

90.    On information and belief, Plaintiff has acted willfully and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a) in this exceptional case.

### THIRD CAUSE OF ACTION
### Common Law Trademark Infringement

91.    Calm reincorporates by reference and realleges all previous paragraphs as though fully set forth herein.

92.    Calm owns and enjoys valid, enforceable, and fully subsisting common law trademark rights in Calm's CALM and SLEEP STORIES marks in California and throughout the United States.

93.    Plaintiff, through the conduct and violations described above, is engaging in trademark infringement and unfair competition against Calm under California common law.

94.    As a direct and proximate result of Plaintiff's wrongful conduct, Calm has and will be irreparably injured and damaged, and unless Plaintiff is enjoined by the Court, Calm will suffer further harm to its marks, reputation, and goodwill.  This harm constitutes an injury for which Calm has no adequate remedy at law.

95.    On information and belief, Plaintiff has acted willfully.

### REQUEST FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Calm.com, Inc. respectfully requests that the Court enter judgment against Plaintiff and Counterclaim Defendant Stingray Group as follows:

1. Preliminarily and permanently enjoining Plaintiff, and all persons in active concert or participation with it, from directly or indirectly:

    a.  using Plaintiff's CALMLIFE and SLEEP STORIES marks, or any other mark, word, company name, trade name, brand name, or product name incorporating or confusingly similar to Calm's CALM and SLEEP STORIES marks;

    b.  from representing by any means whatsoever, that Calm and its goods and services are associated in any way with Plaintiff or Plaintiff's CALMLIFE and SLEEP STORIES marks;

    c.  from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that Plaintiff's goods or services come from or are the products or services of Calm, or are somehow sponsored by or associated with Calm; and

    d.  from otherwise unfairly competing with Calm or misappropriating Calm's reputation and goodwill.

2. Directing, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, the abandonment with prejudice of any and all of Plaintiff's U.S. trademark applications to register the mark CALMLIFE;

3. Ordering Plaintiff to deliver up for destruction all products, packaging, labels, wrappers, signs, prints, advertisements, electronic files, and other articles bearing the infringing Plaintiff's CALMLIFE or SLEEP STORIES marks;

4. Awarding Calm its actual damages and Plaintiff's unjust and unlawful profits arising from Plaintiff's misconduct;

5. Awarding Calm additional damages and profits of three times the actual damages and profits, together with attorneys' fees;

6.      Awarding exemplary damages in an amount to be determined by a jury;

7.      Awarding Calm its costs of suit, attorneys' fees, and reasonable expenses in this exceptional case;

8.      Awarding pre- and post-judgment interest at the maximum rate allowable by the law; and

9.      Granting such other relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Calm demands a trial by jury on all issues so triable.

## AMENDED ANSWER

Defendant Calm.com, Inc. answers the First Amended Complaint ("Complaint") of Plaintiff Stingray Group Inc. as follows:

## INTRODUCTION

1.      Calm admits that this dispute arises from the use of the CALM mark. Calm further admits that Plaintiff's Calm Radio division purports to provide online music streaming services. Calm denies the remaining allegations in Paragraph 1, and specifically denies that its adoption and use of the CALM mark is unauthorized or unlawful.

2.      Calm admits that it provides meditation and wellness related content. Calm denies the remaining allegations in Paragraph 2, and specifically denies that it only recently began providing online music.

3.      Calm denies the allegations in Paragraph 3, except it admits that both parties provide services via apps.

4.      Calm denies the allegations in Paragraph 4.

## THE PARTIES

5.      Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 5, and on that basis denies them.

6.    Calm admits that it is a Delaware corporation.  Calm further admits that it provides, among other things, information and services in the field of meditation and meditation training, including music.  Calm denies the remaining allegations in Paragraph 6.

## JURISDICTION AND VENUE

7.    Calm admits that Plaintiff alleges claims arising under the Lanham Act, 15 U.S.C. § 1125(a), California unfair competition law, and California common law.  The remainder of Paragraph 7 contains legal conclusions to which no response is required.

8.    Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is required, Calm admits that it has a principal address in Palo Alto, California and does business in this District, but denies that it has offices in this District.

9.    Calm admits that it has a principal address in Palo Alto, California in this District, but denies that it has offices in this District.  The remaining allegations are legal conclusions to which no response is required.

## INTRADISTRICT ASSIGNMENT

10.    Calm admits that this action arises under intellectual property laws and thus it is not subject to divisional assignment.

## FACTUAL ALLEGATIONS

11.    Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies them.

12.    Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies them.

13.    Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies them.

14.    Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies them.

15.    Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies them.

16.     Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies them.

17.     Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies them.

18.     Calm denies that Calm Radio offers "sleep stories," which is a registered trademark of Calm, and not a generic category.  Calm lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 18, and on that basis denies them.

19.     Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denies them.

20.     Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies them.

21.     Calm admits that, according to the United States Patent and Trademark Office records, Calm Radio purports to own U.S. federal trademark registration No. 5080280 in Class 9 for "Computer software for playing audio streaming transmissions of music that may be downloaded from a global computer network," and in Class 38 for "Streaming of audio material on the Internet."  Calm lacks sufficient information to form a belief as to whether U.S. Registration No. 5080280 was assigned to Stingray Group, and on that basis denies that allegation.  Calm denies the remaining allegations in Paragraph 21.

22.     Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 22, and on that basis denies them.

23.     Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 23, and on that basis denies them.

24.     Calm admits that it is a technology company founded in 2012 and based in San Francisco.  Calm further admits that it provides, among other things, meditation services via a mobile application and website.  Calm denies the remaining allegations in Paragraph 24.

25.     Calm denies the allegations in Paragraph 25.

26.     Calm admits that it is the owner of several U.S. trademark registrations as follows:

a.  Calm admits that it owns U.S. Trademark Registration No. 6000366 for its word mark CALM in Class 9, Class 41, Class 42, and Class 44.

b.  Calm admits that it owns U.S. Trademark Registration No. 5751634 for a stylized version of its word mark CALM in Class 9, Class 41, and Class 44.

c.  Calm admits that it owns U.S. Trademark Registration No. 5666935 for a stylized design mark CALM () in Class 9, Class 41, and Class 44.

d.  Calm admits that it owns U.S. Trademark Registration No. 6337486 for a stylized design mark CALM () in Class 9, Class 16, and Class 41.

27.  Calm admits that neither Plaintiff nor its predecessor in interest, Calm Radio Corp., have licensed its purported marks or any marks containing the term CALM to Calm, but denies any suggestion that any such license is required.  Calm denies the remaining allegations in Paragraph 27.

28.  Calm denies the allegations in Paragraph 28.

29.  Calm lacks sufficient information to form a belief as to whether the public has associated any of Plaintiff's purported marks with Calm, and on that basis denies them.  Calm denies the remaining allegations in Paragraph 29.

30.  Calm denies the allegations in Paragraph 30.

31.  Calm admits that its website states that "We are not Calm Radio, Calm Supplement, My Calm Blanket, or Calm Box."  Calm further admits that Exhibit A to the First Amended Complaint purports to be a copy of https://support.calm.com/hc/en-us/articles/360042603994-questions-about-calm-radio, which speaks for itself.  Calm denies the remaining allegations in Paragraph 31.

32.  Calm denies the allegations in Paragraph 32.

33.  Calm denies the allegations in Paragraph 33.

34.  Calm denies the allegations in Paragraph 34.

35.  Calm denies the allegations in Paragraph 35.

36.     Calm admits that the stylized version of its CALM mark depicted in Paragraph 36 appears in its app icon.  Calm denies the remaining allegations in Paragraph 36.

37.     Calm denies the allegations in Paragraph 37.

38.     Calm admits that Calm Radio approached and had discussions about Calm potentially acquiring Calm Radio, and that the parties entered into an NDA.  Calm denies the remaining allegations in Paragraph 38.

39.     Calm admits that it sent notifications to the Apple App Store and Google Play in 2022, but denies that they were "take down notices."  Calm denies the remaining allegations in Paragraph 39.

40.     Calm denies the allegations in Paragraph 40.

41.     Calm denies the allegations in Paragraph 41.

## FIRST CAUSE OF ACTION

42.     Calm incorporates by reference its answers to all previous paragraphs as though fully stated herein.

43.     Calm admits that, according to the United States Patent and Trademark Office records, Calm Radio purports to own U.S. federal trademark registration No. 5080280.  Calm lacks sufficient information to form a belief as to whether U.S. Registration No. 5080280 was assigned to Stingray Group, and on that basis denies the allegations in Paragraph 43.

44.     Calm denies the allegations in Paragraph 44.

45.     Calm denies the allegations in Paragraph 45.

46.     Calm denies the allegations in Paragraph 46.

47.     Calm denies the allegations in Paragraph 47.

## SECOND CAUSE OF ACTION

48.     Calm incorporates by reference its answers to all previous paragraphs as though fully stated herein.

49.     Calm denies that Plaintiff owns common law rights in the CALM marks.  Calm lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 49, and on that basis denies them.

50.     Calm denies the allegations in Paragraph 50.

51.     Calm admits that it has used its CALM marks in commerce in the United States in connection with the sale, offering for sale, distribution, and promotion of its goods and services. Calm denies the remaining allegations in Paragraph 51.

52.     Calm denies the allegations in Paragraph 52.

53.     Calm denies the allegations in Paragraph 53.

54.     Calm denies the allegations in Paragraph 54.

### THIRD CAUSE OF ACTION

55.     Calm incorporates by reference its answers to all previous paragraphs as though fully stated herein.

56.     Calm denies the allegations in Paragraph 56.

57.     Calm denies the allegations in Paragraph 57.

58.     Calm denies the allegations in Paragraph 58.

59.     Calm denies the allegations in Paragraph 59.

60.     Calm denies the allegations in Paragraph 60.

61.     Calm denies the allegations in Paragraph 61.

### FOURTH CAUSE OF ACTION

62.     Calm incorporates by reference its answers to all previous paragraphs as though fully stated herein.

63.     Calm denies that Plaintiff owns any rights in the CALM marks.  Calm lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 63, and on that basis denies them.

64.     Calm denies the allegations in Paragraph 64.

65.     Calm denies the allegations in Paragraph 65.

66.    Calm denies the allegations in Paragraph 66.

## FIFTH CAUSE OF ACTION

67.    Calm incorporates by reference its answers to all previous paragraphs as though fully stated herein.

68.    Calm denies the allegations in Paragraph 68.

69.    Calm denies the allegations in Paragraph 69.

70.    Calm denies the allegations in Paragraph 70.

71.    Calm denies the allegations in Paragraph 71.

72.    Calm denies the allegations in Paragraph 72.

73.    Calm denies the allegations in Paragraph 73.

## SIXTH CAUSE OF ACTION

74.    Calm incorporates by reference its answers to all previous paragraphs as though fully stated herein.

75.    Calm denies the allegations in Paragraph 75.

76.    Calm denies the allegations in Paragraph 76.

77.    Calm denies the allegations in Paragraph 77.

78.    Calm denies the allegations in Paragraph 78.

79.    Calm denies the allegations in Paragraph 79.

80.    Calm denies the allegations in Paragraph 80.

81.    Calm denies the allegations in Paragraph 81.

82.    Calm denies the allegations in Paragraph 82.

## ANSWER TO PLAINTIFF'S REQUEST FOR RELIEF

To the extent that a responsive pleading is required to Plaintiff's Request for Relief, Calm denies all allegations contained in the Request for Relief and denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## GENERAL DENIAL

Unless expressly admitted above, Calm denies each and every allegation set forth in Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Calm pleads the following separate and additional defenses to the Complaint. By pleading these defenses, Calm does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues or that is liable for any claims against it.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (No Likelihood of Confusion)

Plaintiff's claims are barred in whole or in part because Calm's use of the CALM marks is not likely to cause, and has not caused, consumer confusion, deception, or mistake with respect to Calm Radio's CALM RADIO mark and Calm's CALM marks.

### THIRD DEFENSE
### (Invalidity/Lack of Distinctiveness)

Plaintiff's asserted common law marks, including trade dress, lack inherent or acquired distinctiveness and are invalid.

### FOURTH DEFENSE
### (Functionality)

Plaintiff's app icon is functional and utilitarian, and fails to serve as a mark.

### FIFTH DEFENSE
### (Priority)

Plaintiff lacks priority in its asserted use of the mark CALM in connection with goods and services Calm offers.

## SIXTH DEFENSE
### (Failure to Mitigate)

Without admitting that the Complaint states a claim or that damages exist, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## SEVENTH DEFENSE
### (Statute of Limitations)

Calm believes and therefore alleges that Plaintiff became aware of Calm and its goods and services more than four years before filing this lawsuit on March 16, 2022. Therefore, the applicable statutes of limitation bar Plaintiff's fourth cause of action for "common law trademark infringement" and Plaintiff's fifth and sixth causes of action for unfair competition under California Business and Professions Code §§ 17200 et seq. and false advertising under California Business and Profession Code §§ 17500 et seq.

## EIGHTH DEFENSE
### (Laches)

Plaintiff (including its Calm Radio division) has known, or reasonably should have known, of Calm's use of its CALM mark in connection with its goods and services for years before Plaintiff filed this lawsuit. For years, Calm has received widespread media attention, awards, and recognition, and in addition its trademark applications put Plaintiff on notice of Calm's trademark use and trademark rights. Over many years, Calm invested heavily in its CALM brand, which has grown in recognition and developed significant goodwill with the consuming public. Despite Calm Radio's knowledge of Calm and its use of its CALM Marks, Calm Radio watched and waited for years, delaying filing this lawsuit until March 16, 2022. If Calm Radio were permitted to pursue this litigation after such a lengthy delay, Calm would suffer severe loss in goodwill and reputation that it has earned over many years. Calm incorporates its allegations in its Counterclaims above. Therefore, the equitable doctrine of laches bars Plaintiff's claims.

## NINTH DEFENSE
### (Waiver, Acquiescence, and Estoppel)

Plaintiff (including its Calm Radio division) has known, or reasonably should have known, of Calm's use of its CALM mark in connection with its goods and services for years before

Plaintiff filed this lawsuit. Calm Radio did not file any objection or challenge to Calm's use of its mark, but instead actively encouraged it. For example, on July 26, 2018, Calm Radio CFO, Wayne Seifried, contacted Calm to try to solicit an acquisition of Calm Radio. When Calm declined the offer to buy Calm Radio, Calm Radio's CFO sent an email stating that he "looked forward to our mutual success." Calm Radio later reached out to solicit investment again, while raising no claim about Calm's CALM mark.

By its conduct and communications, Plaintiff impliedly consented to Calm's use of the CALM Marks. Although Calm denies that its use of the CALM marks is infringing or that any consent from Calm Radio was required, Calm nevertheless relied to its detriment on Plaintiff's apparent consent to Calm's use of its name and mark. Therefore, doctrines of waiver, acquiescence and estoppel bar Plaintiff's claims in whole or in part.

### TENTH DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands. Calm denies that there is any likelihood of confusion, but to the extent there is, it is due to Calm Radio's unlawful and willful encroachment on Calm's CALM marks. Calm incorporates its allegations in its Counterclaims above.

In 2018, after watching Calm achieve success and substantial goodwill in its Calm brand, Calm Radio approached Calm about a business deal. Up until then, Calm Radio had been focused on Internet radio services, streaming jazz, classical, and other "calm" radio channels. On information and belief, Calm Radio had not invested in marketing, and its business faced significant competitive challenges from well-established music streaming services that also offered "calm" music. Following Calm's decision not to acquire Calm Radio, Calm Radio pivoted in its business to begin riding on Calm's coattails. Moving away from Internet radio, which had long been the focus of Calm Radio's offerings, Calm Radio launched new services, like guided meditation, that had long been at the core of Calm's business. It changed its app to look more like Calm's, and it began referring to itself as "Calm." Calm Radio even copied Calm's SLEEP

STORIES trademark.  On January 23, 2023, Plaintiff launched an app it has branded as CalmLIFE in the meditation and wellness space that competes directly with Calm's goods and services.

Ironically, Plaintiff now complains about alleged consumer confusion that Calm Radio has willfully sought to create, cultivate, and exploit for its own benefit.  Plaintiff's conduct is inequitable and relates to the subject matter of Plaintiff's claims against Calm.  Therefore, the doctrine of unclean hands bars all Plaintiff's claims.

## RESERVATION OF ADDITIONAL DEFENSES

Calm does not presently know all facts concerning Plaintiff's conduct and claims sufficient to state all affirmative defenses at this time.  Calm will seek leave of the Court to amend should it later discover facts demonstrating the existence of additional affirmative defenses.  Calm reserves any and all additional affirmative defenses available to it.

## DEMAND FOR JURY TRIAL

Calm demands a trial by jury for all issues so triable.


Dated: February 14, 2023                    FENWICK & WEST LLP

                                            By: */s/ Jedediah Wakefield*
                                                Jedediah Wakefield
                                                Shannon E. Turner
                                                Esther D. Galan

                                                *Counsel for Defendant and*
                                                *Counterclaimant*
                                                Calm.com, Inc.