JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
SHANNON E. TURNER (CSB No. 310121)
sturner@fenwick.com
ESTHER GALAN (CSB No. 335763)
egalan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

Attorneys for Defendant and Counterclaimant
CALM.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STINGRAY GROUP INC., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALM.COM, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 3:22-cv-01708-VC<br><br>**DEFENDANT AND COUNTERCLAIMANT CALM'S ANSWER TO PLAINTIFF'S COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:     Hon. Vince Chhabria |
| CALM.COM, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>STINGRAY GROUP INC., a Canadian corporation,<br><br>Counter-Defendant. | |

## ANSWER TO COUNTERCLAIM

Defendant Calm.com, Inc. ("Calm") by and through its undersigned counsel hereby answers Plaintiff and Counter-Defendant Stingray Group, Inc.'s Counterclaim as follows:

### JURISDICTION AND VENUE

1. Calm admits that Plaintiff alleges a counterclaim arising under the Lanham Act, 15 U.S.C. § 1119. The remainder of Paragraph 1 contains legal conclusions to which no response is required.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Calm admits that it has a principal address in Palo Alto, California but denies that it has offices in this judicial district.

3. Paragraph 3 contains legal conclusions to which no response is required.

### PARTIES

4. Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 4, and on that basis denies them.

5. Calm admits that it is a Delaware corporation. Calm further admits that it provides, among other things, information and services in the field of meditation, relaxation, and stress reduction, including music. Calm denies the remaining allegations in Paragraph 5.

### FACTUAL ALLEGATIONS

6. Calm admits the allegations in Paragraph 6.

7. Calm admits that it is the owner of U.S. Trademark Registration No. 5829993, issued on August 6, 2019 for the mark SLEEP STORIES for use in connection with the goods and services set forth in Paragraph 25 of Calm's Amended Answer and Counterclaims (Dkt. 57).

8. Calm admits that it is the owner of U.S. Trademark Registration No. 5802006, issued on July 9, 2019 for the mark SLEEP STORIES for use in connection with the goods and services set forth in Paragraph 26 of Calm's Amended Answer and Counterclaims.

9. Calm admits that the Counterclaims allege that Plaintiff infringes its SLEEP STORIES marks.

10. Calm admits that it makes no claim to the exclusive right to use "stories" apart from in the SLEEP STORIES marks. The remaining allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Calm denies the remaining allegations in Paragraph 10.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Calm denies the allegations in Paragraph 11.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Calm denies the allegations in Paragraph 12.

13. Calm denies the allegations in Paragraph 13.

14. Calm lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies them.

15. Calm denies the allegations in Paragraph 15.

## FIRST CAUSE OF ACTION

16. Calm incorporates by reference its answers to all previous paragraphs as though fully stated herein.

17. Calm admits the allegations in Paragraph 17.

18. Calm denies the allegations in Paragraph 18.

19. Calm denies the allegations in Paragraph 19.

20. Calm denies the allegations in Paragraph 20.

21. Calm denies the allegations in Paragraph 21.

22. Calm denies the allegations in Paragraph 22.

23. Calm denies the allegations in Paragraph 23.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

To the extent that a responsive pleading is required to Plaintiff's Prayer for Relief, Calm denies all allegations contained in the Prayer for Relief and denies that Plaintiff is entitled to any of the relief sought in its Counterclaim.

## GENERAL DENIAL

Unless expressly admitted above, Calm denies each and every allegation set forth in Plaintiff's Counterclaim.

## AFFIRMATIVE AND OTHER DEFENSES

Calm pleads the following separate and additional defenses to the Counterclaim. By pleading these defenses, Calm does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues or that is liable for any claims against it.

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's Counterclaim is barred in whole or in part because it fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Failure to Mitigate)

Without admitting that the Counterclaim states a claim or that damages exist, to the extent Plaintiff is seeking monetary damages, Plaintiff's claim is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### THIRD DEFENSE
### (Laches)

Plaintiff (including its Calm Radio division) has known, or reasonably should have known, of Calm's use of its SLEEP STORIES marks in connection with its goods and services for years before Plaintiff filed its Counterclaim. In addition to the widespread media attention, awards, and recognition of Calm's Sleep Stories, its trademark applications in 2016 put Calm Radio on notice of Calm's trademark use and trademark rights. Calm has invested heavily in its SLEEP STORIES marks and has developed significant goodwill with the consuming public. If Plaintiff were permitted to pursue this litigation after such a lengthy delay, Calm would suffer severe loss in goodwill and reputation that it has earned over the years. Therefore, the equitable doctrine of laches bars Plaintiff's Counterclaim.

**FOURTH DEFENSE**
**(Lack of Causation)**

Without admitting that the Counterclaim states a claim or that damages exist, Plaintiff's Counterclaim fails because Calm was not the actual or proximate cause of any damage to Plaintiff.

**FIFTH DEFENSE**
**(Unclean Hands)**

Plaintiff's Counterclaim is barred in whole or in part by the doctrine of unclean hands. In 2018, after watching Calm achieve success and substantial goodwill in its Calm brand, Calm Radio approached Calm about a business deal. Up until then, Calm Radio had been focused on Internet radio services, streaming jazz, classical, and other "calm" radio channels. On information and belief, Calm Radio had not invested in marketing, and its business faced significant competitive challenges from well-established music streaming services that also offered "calm" music. Following Calm's decision not to acquire Calm Radio, Calm Radio pivoted in its business to begin riding on Calm's coattails. Moving away from Internet radio, which had long been the focus of Calm Radio's offerings, Calm Radio launched new services, like guided meditation, that had long been at the core of Calm's business. It changed its app to look more like Calm's, and it began referring to itself as "Calm." Calm Radio even copied Calm's SLEEP STORIES trademark. On January 23, 2023, Plaintiff launched an app it has branded as CalmLIFE in the meditation and wellness space that competes directly with Calm's goods and services.

Plaintiff now seeks to cancel the SLEEP STORIES marks that it has copied, and willfully sought to exploit the goodwill Calm has cultivated with the public in its SLEEP STORIES marks. Plaintiff's conduct is inequitable and relates to the subject matter of Plaintiff's Counterclaim against Calm. Therefore, the doctrine of unclean hands bars Plaintiff's claim.

**RESERVATION OF ADDITIONAL DEFENSES**

Calm does not presently know all facts concerning Plaintiff's conduct and claims sufficient to state all affirmative defenses at this time. Calm will seek leave of the Court to amend should it later discover facts demonstrating the existence of additional affirmative defenses. Calm reserves any and all additional affirmative defenses available to it.

**DEMAND FOR JURY TRIAL**

Calm demands a trial by jury for all issues so triable.

Dated: April 18, 2023

FENWICK & WEST LLP

By: /s/ Jedediah Wakefield
    Jedediah Wakefield
    Shannon E. Turner
    Esther Galan

Attorneys for Defendant and Counterclaimant
CALM.COM, INC.